# Chabot v. Pittsburgh Plate Glass Company, Appellant.

*Negligence—Master and servant—Safe place to work—Proximate cause—Minors under sixteen—Employment—Factory Act of April 29, 1909, P. L. 283—Violation—Duplicate lists—Posting of lists—Burden of proof—Exception.*

1. In an action against a glass manufacturing company to recover for personal injuries sustained by an employee, where it ap-

peared that plaintiff was engaged in hauling glass plates to the cutter on a small truck and placing the glass in racks behind the cutter's table; that while plaintiff was removing a plate from the truck he collided with the cutter, a fellow workman, causing the plate to fall and injure plaintiff's foot; that there was a space of only three and one-half feet between the rack and the cutter's table; that such space was insufficient for both plaintiff and the cutter to work in, and the insufficiency of the space was the cause of plaintiff's collision with the cutter, there was sufficient evidence that defendant had not provided plaintiff with a reasonably safe place in which to work and a verdict for the plaintiff will be sustained.

2. The provision of the Factory Act of April 29, 1909, P. L. 283, requiring the keeping and posting of lists of minors, is mandatory and not merely directory. Where a minor under the age of sixteen years is employed in a factory and is injured, the burden is upon the employer, in an action for such injuries, to show that in employing su 'i minor it brought itself within the exceptions to the express provisions of the statute, prohibiting the employment of minors of this age in its factory, and if it fails to meet this burden the law refers the injury sustained by the employee to the criminal wrong of the employer as its proximate cause.

3. Where in such case it appeared that plaintiff was a minor under the age of sixteen years and that defendant had violated the Factory Act of April 29, 1909, P. L. 283, in failing to keep two lists of minors under such age employed in the establishment, and in failing to post one list in the department in which plaintiff worked, the defendant was guilty of negligence and such negligence was in law the proximate cause of the accident and a verdict and judgment for plaintiff were sustained.

Argued Sept. 26, 1917. Appeals, Nos. 5 and 6, Oct. T., 1917, by defendant, from judgment of C. P. Armstrong Co., Dec. T., 1915, No. 189, on verdicts for plaintiffs, in case of Frederick Chabot and Paul Chabot by his father and next friend, Frederick Chabot, v. Pittsburgh Plate Glass Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KING, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, Frederick Chabot, for $741.51,

and for plaintiff, Paul Chabot, for $4,258.49 and judgments thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Wm. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* with him *R. L. Ralston,* for appellants.—The defendant was not guilty of negligence: Miller v. American Bridge Co., 216 Pa. 559; Coleman v. Keenan, 223 Pa. 29; Wilson v. Brown, 222 Pa. 364; Iams v. Glass Co., 251 Pa. 439.

*Harry C. Golden,* with him *E. O. Golden,* for appellees.—No list of minors in the employ of the defendant was kept on file, as required by Section 7 of the Act of April 29, 1909, P. L. 283. The defendant is, therefore, liable for injuries to the minor: Krutlies v. Bulls Head Coal Co., 249 Pa. 162.

When the employment of a minor is shown to be illegal there is evidence of negligence, and if the injury complained of occur in the course of the minor's services under such unlawful circumstances, the law will refer the injury to the original wrong for its proximate cause: Stehle v. Jaeger Automatic Machine Co., 225 Pa. 348; Syneszewski v. Schmidt, 153 Mich. 438; Krutlies v. Bulls Head Coal Co., 249 Pa. 162; Stehle v. Jaeger Automatic Machine Co., 220 Pa. 617; Lenahan v. Pittston Coal Mining Co., 218 Pa. 311; Sullivan v. Hanover Cordage Co., 222 Pa. 40; McElhone v. Philadelphia Quartette Club, 53 Pa. Superior Ct. 262.

OPINION BY MR. JUSTICE MESTREZAT, January 7, 1918:

This judgment is so clearly right, as demonstrated by the learned trial judge in his opinion refusing a new trial and judgment non obstante veredicto for defendant, that no extended discussion of the questions at issue is necessary. The action was brought by an employee against

his employer to recover damages for injuries which the former alleged he sustained by reason of the latter's negligence. The negligence averred was the failure to furnish the plaintiff a reasonably safe place to perform the service for which he was employed, and that defendant engaged the plaintiff to do work for which a boy of his age, fourteen years, should not have been employed. It appears that the plaintiff was employed in defendant company's glass plant at Ford City, and his work consisted in hauling plates of polished glass from the washhouse to the cutters' department on a small truck and placing the glass in racks immediately behind and near the cutters' table. On the day of the accident and while the plaintiff was removing a plate of glass from the truck, he collided with the cutter by reason of an alleged lack of space where they had to do their work, which caused the plate of glass in the hands of the plaintiff to fall, striking the latter's foot and injuring it. The learned counsel for appellant contend that there was ample room between the cutters' table and the rack within which the plaintiff and the cutter could move in perfect safety and the plaintiff could perform the work required, and that the proximate cause of the plaintiff's injuries was a pure accident resulting from a collision between the two employees moving about in the ordinary pursuit of their duties. The evidence was sufficient to justify submitting the question to the jury, and in doing so the learned trial judge said: "Now the plaintiffs contend that this space of three and a half feet between the rack and the cutters' table was insufficient in size and room for Paul Chabot to do his work, the work that he was engaged to do and which he was to do. That because it was so narrow, the collision occurred between him and Mr. Mause while they were both engaged in doing their respective work there, and that therefore this place, where it was necessary for both Paul Chabot and Mr. Mause to work in the performance of their duty, was not a reasonably safe place for Paul Chabot to do his

work, and that by reason thereof an injury resulted to him, and that this failure of the defendant to provide and furnish at this place a reasonably safe place for him to do his work, was negligence on the part of the defendant company, and that this negligence of the company was the sole and proximate cause of the injury. I say to you, gentlemen, that that is the claim and allegation and contention of the plaintiffs in this case. When we speak of the proximate cause we mean by that term that the injury must be the natural and probable consequence of the alleged negligence—such a consequence, as under the circumstances of the case, might and ought to have been foreseen as likely to occur, by ordinarily careful and prudent persons and by ordinarily careful companies. Therefore, gentlemen, this is an important question of fact in this case for you to determine under the evidence, namely, did this defendant company fail to provide a reasonably safe place for its employee, Paul Chabot, to work and do his work—the usual and ordinary work that he was employed and directed to do by the company." The jury returned a special finding "that the defendant company was guilty of negligence in not providing Paul Chabot a reasonably safe place to work."

The second question raised by the defendant company is whether it was guilty of such a breach of the Act of April 29, 1909, P. L. 283, as to convict it of negligence as a matter of law. The court below so held and in this conclusion we concur. Section 1 of the act prohibits the employment of any minor under the age of eighteen years in any factory, except under certain conditions specified in the act. Section 7 forbids the employment of a minor under sixteen unless the employer procures and keeps on file, and accessible to the deputy factory inspectors, an employment certificate, as therein provided, issued to the minor, "and keeps two lists of all minors under the age of sixteen years employed in or for his or her establishment; one of said lists to be kept on file in the office of the employer, and one to be conspicuously

posted in each of the several departments in or for which minors are employed." It is conceded that the two lists of minors employed in the factory were not kept and that one list was not posted in the department in which the plaintiff worked. It is, therefore, clear that this provision of the Act of 1909 was violated by the defendant company. It is contended, however, that the employment is legal when the employment certificate has been procured, and that the filing of the certificate and the keeping and posting of the lists of minors is simply directory. There is nothing in the act nor any reasonable construction of it that will support the contention. The language of this section of the statute is mandatory and, whatever the purpose may have been, it is clear that the legislative intent was that the posting of the lists of minors in the several departments of the work is as imperative as any other mandate of the statute. The burden was upon the defendant company to show that in employing the plaintiff it had brought itself within the exceptions to the express provisions of the statute prohibiting the employment of minors of this age in any factory, and, having failed to meet this burden, it follows that the plaintiff was injured while employed in the defendant's factory in violation of the statute. This was a negligent act for which the defendant was liable, and, as we have uniformly ruled, the causal connection being shown, the law refers the injury sustained by the employee to the original wrong as its proximate cause. The validity of the employment certificate becomes unimportant in the view of the case taken by the court below and in which we concur.

Judgment affirmed.