# Pinter et al. *v.* James Baker, Inc., Appellant.

*Negligence — Minors — Employment of minor — Certificate — Charge—Harmless error—Act of May 13, 1915, P. L. 286—Evidence inadmissible when offered—Age of minor—Fact of age— Ignorance of age—Appeal.*

1. In an action by a minor under sixteen years of age brought by his father, and by the father in his own right, against the boy's employer, where the father admits knowledge of his son's employment in violation of the Act of May 13, 1915, P. L. 286, the defendant is entitled to binding instructions, so far as the individual claim of the father is concerned.

2. The court cannot be convicted of error for refusing a general offer of defendant to show that the minor plaintiff was sixteen when employed, where the record and notes of trial show that, at the time of the offer, the defense relied on was lack of knowledge of the boy's true age at the date of employment, and not the assertion that he was then over sixteen.

3. Evidence that the minor made a false statement of his age to defendant prior to his employment is inadmissible.

4. Where an objection to testimony is based on a reason, in itself good, according to the issues apparently involved, and the objection is sustained, the ruling will be affirmed on appeal though appellant may then call attention to grounds, other than those suggested when the ruling was made, which ordinarily would warrant the admission of the proofs tendered.

5. A suggestion made in a charge that a Pennsylvania employer must obtain a certificate under the Act of May 13, 1915, P. L. 286, for all youthful employees, whether under or over sixteen, whereas the obligation extends only to those under that age, is not ground

for reversal, where the jury were not told that the absence of the certificate made the defendant liable, and such instruction is therefore harmless error.

*Practice, C. P.—Trial — Evidence — Demonstration by another person's wounded hand.*

6. Refusal of the trial judge to permit the injured hand of a third person to be used before the jury, for purposes of demonstration, during the examination of a witness for defendant, is a matter within the control of the court below, and is not ground for reversal, where the appellate court is not convinced of an abuse of discretion.

Argued January 6, 1922. Appeals, Nos. 43 and 44, Jan. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1920, No. 6824, on verdict for plaintiff, in case of Charles Pinter, by his father and next friend, Andrew Pinter, and Andrew Pinter, in his own right, v. James Barker, Inc. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed in part.

Trespass for personal injuries. Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Andrew Pinter for $2,000, and for Charles Pinter for $6,000. Defendant appealed.

*Errors assigned* were rulings on testimony and instructions appearing by the opinion of the Supreme Court, quoting record.

*Ralph B. Evans,* of *Evans, Bayard & Frick,* for apellant.—The court erred in excluding evidence of declarations by the minor as to age.

The father having acquiesced in the minor's employment, was not entitled to recover: McCool v. Coal Co., 150 Pa. 638; Raab v. Coal Co., 64 Pitts. L. J. 284.

*John P. Connelly,* for appellee.—The terms of the statute cannot be waived by the contracting parties: Valjago v. Steel Co., 226 Pa. 515; Krutlies v. Coal Co., 249 Pa. 162.

Nor does a misstatement of age by the minor relieve defendant of the burden of ascertaining as required by the act: Hrabchak v. Canal Co., 54 Pa. Superior Ct. 626.

And one who employs a minor in violation of the statute does so at his own risk and will be liable in damages for injuries, if sustained: Lenahan v. Coal Mining Co., 218 Pa. 311.

The proximate cause of the injuries was the employment of the boy in violation of the act: Stehle v. Machine Co., 225 Pa. 348.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February, 6, 1922:

There are two plaintiffs in this case, Andrew Pinter, who sued to recover damages suffered by him through physical injuries alleged to have been negligently inflicted by defendant corporation upon his minor son Charles, and the latter, who, by his "father and next friend," sought damages on his own behalf. Verdicts were rendered in favor of both plaintiffs; defendant has appealed from judgments thereon.

The assignments of error, so far as they question the father's claim, must be sustained.

The Act of May 13, 1915, P. L. 286, known as the Child Labor Law, pleaded by plaintiffs, provides, by section 3, that, in "establishments" such as comprehended by the statute, "it shall be unlawful for any person to employ any minor between fourteen and sixteen years of age, unless such minor shall, during the period of such employment, attend......school" for a certain number of hours each week; and by section 4, that "no [such] minor shall be permitted to work......for more than fifty-one hours in any one week, or more than nine hours in any one day, or before six o'clock in the morning, or after eight o'clock in the evening, of any day."

The minor was a little under sixteen years of age at the time of the injury, and the testimony shows plain admissions by the father, first, that he knew his son's

age, next, that the boy, while in the employ of defendant, each day went to work at half past five p. m., and did not quit until "five or after" on the following morning, and, finally, that this child did not attend school at all during the time of his employment with defendant. In short, the father acquiesced in his minor son's unlawful employment by defendant, and hence was in pari delicto with the latter and cannot recover: McCool v. Lucas Coal Co., 150 Pa. 638, 642; Rapaport v. Pittsburgh Rys. Co., 247 Pa. 347, 351; Darbrinsky v. Penna. Co., 248 Pa. 503, 509. The controlling principle is well stated in Lee v. New River, etc., Coal Co., 203 Fed. 644, 647; see also Daniels v. Thacker Fuel Co., 79 W. Va. 255, 259; Hetzel v. Wasson, etc., Co., 89 N. J. L. 205, 207. The point here involved does not appear to have been squarely raised in Stehle v. Jaeger, etc., Machine Co., 225 Pa. 348, 353, depended on by Andrew Pinter, appellee.

The court below told the jury, as a matter of law, the father could not recover if he had knowledge of his son's illegal employment, but it overlooked the controlling circumstance that, as a matter of fact, Andrew Pinter had admitted such knowledge, and, therefore, defendant was entitled to binding instructions, so far as the individual claim of the father is concerned; to that extent, the assignments of error complaining of the absence of those instructions and of the refusal of judgment n. o. v. are sustained.

We shall now consider the claim of the minor plaintiff. Charles Pinter was called as a witness for his father, as well as for himself, and testified that, at the time of the accident, he was not quite sixteen; he was not cross-examined in any manner on the point of his age. Andrew Pinter, the father, also said his son, Charles, was less than sixteen when employed by defendant, and was not cross-examined on this subject. The boy's mother likewise swore to his age, without being cross-examined on that part of her testimony. Upon the production of defendant's case, however, three endeavors were made to

prove that, when Charles was hired, he was asked concerning his age and stated it to be seventeen; but, on objection of plaintiffs, the testimony was disallowed. Appellant contends the age of the injured boy was a controlling issue, and that the testimony in question should have been received. This would undoubtedly be true, if the age had been urged as such an issue (Kreiter v. Bomberger, 82 Pa. 59, 61), but as a matter of fact that was not the case; therefore the point we have to determine is, Was reversible error committed in rejecting the testimony, under the circumstances attending its offer?

Before taking up this main point, we state, incidentally, that the question as to whether the boy was under or over sixteen at the time of the accident was submitted to the jury, and found in favor of plaintiffs, i. e., that he was under sixteen at the time of the accident; we also suggest that, even had Charles's alleged declaration as to his age been accepted in evidence, it is unbelievable that the jury would have found him seventeen years old when taken into the employ of defendant, in the face of the preponderating evidence to the contrary, already recited, and of the official birth certificate from the Division of Vital Statistics of the Bureau of Health, introduced by plaintiffs, which showed the boy to be under sixteen at the date in question; but, passing these considerations, we do not feel called upon to reverse the judgment on the verdict in the boy's favor, for other reasons which we shall now state.

The official notes of the trial make it quite plain that, up to the tender of the rejected testimony, which we are here discussing, the defense was not that Charles had, as a matter of fact, passed sixteen, but that his employer did not know he was of a less age. This is demonstrated by the testimony of the man who engaged the minor, and the colloquy between the trial judge and counsel at the time of the rulings at present under consideration.

When the witness just mentioned was asked about defendant's alleged breach of law, in employing Charles, he did not deny, but sought to excuse, the violation by answering, "I didn't know this boy was under sixteen"; it will be observed, this answer plainly indicates the defense to be lack of knowledge of the minor's true age at the time he was employed, and not an assertion that, in point of fact, he was then over sixteen. In addition, the colloquy before referred to (which the assignments of error do not show in full) strongly indicates that, when the rulings complained of were made, the trial judge had the first-mentioned defense in mind, which idea is reinforced by his remark to counsel for plaintiff, when the latter was taking exceptions to the charge, to the effect that he, the judge, did not understand there was any question as to the actual age of the boy,—this conception of the defense having been expressed previously in the charge itself. Moreover, in determining what appeared as the defense at the time of the rulings, —and, therefore, what appeared as the defense in passing on the relevancy of the testimony offered, with the scope of the objection thereto,—consideration may be given to the fact that, when Charles Pinter was on the stand, no attempt was made to lay ground, by cross-examination, for the introduction of the evidence here in question, nor at the time of these rulings had such defense been brought out on the cross-examination of any of plaintiffs' witnesses or otherwise suggested.

All of the facts and circumstances above noted strongly indicate that, when the rulings now complained of were made, the defense appeared to be, not that the minor was over sixteen years of age, but that, at the time of his employment, defendant had been deceived into the belief he was over sixteen; and, since both the court and counsel on each side must have understood that this was the fact intended to be shown by the evidence in question, we shall consider the rulings before us as though based

on objctions to such a tender, and view the record accordingly.

The defense sought to be proved,—that prior to the minor's employment he had made a false statement, concerning his age, to a representative of defendant,—was unavailing in law (Krutlies v. Bulls Head Coal Company, 249 Pa. 162, 169; see also Stehle v. Jaeger, etc., Machine Co., 225 Pa. 348, 354); offers of evidence to establish such a defense were therefore irrelevant, and the boy's pre-trial assertions, as to his age, being tendered for that purpose, were properly refused, upon plaintiffs' objections thereto.

The relevant governing rule is this: When an objection to testimony is based on a reason, in itself good, according to the issues apparently involved, and the objection is sustained, the ruling will be affirmed on appeal even though appellant may then call attention to grounds, other than those suggested when the ruling was made, which ordinarily would warrant the admission of the proofs tendered. Under such circumstances, the appellate court will say, "Since all the intimations on the record point to quite another contention, you should have made plain to the trial judge what you now allege as the issue sought to be proved, and the grounds you now depend on should have been called to his attention when he made the ruling of which you complain." The underlying principle is that the object for which a particular piece of evidence is submitted should be kept steadily in view, when considering a complaint as to its admission or rejection, and complainant must be confined to that object; the relevancy of the evidence, had it been offered generally, need not be affirmed or denied, because a party cannot offer evidence apparently for one purpose, and complain, when it has been rejected, that it was legitimate for some other: Gaines v. Com., 50 Pa. 319, 326.

Another ruling of which appellant complains is the refusal of the trial judge to permit the injured hand of

a third party to be used, before the jury, for purposes of demonstration, during the examination of one of defendant's witnesses; this was a matter within the control of the court below, and we are not convinced of an abuse of discretion.

Any harm which might have been done by the trial judge's reference to the statement of claim, as showing the age of Charles Pinter to be less than sixteen years, was immediately remedied when the court's attention was called to the matter; we see no merit in the assignment as to this incident.

The Act of 1915, supra, ordains that no child under fourteen years of age shall be put to work, and those between fourteen and sixteen shall not be employed unless the certificate there provided for is furnished. The trial judge, when charging the jury, said, inter alia, "We instruct you, under the law of Pennsylvania, as we understand it, that it is the duty of an employer to obtain a certificate of age from his employees who are youthful, stating they are over the age of sixteen years, and, according to the evidence in this case, this was not done by the defendant." Appellant complains of this excerpt from the charge, that it does not present a correct statement of law. The suggestion is there made that a Pennsylvania employer must obtain a certificate for all youthful employees, whether under or over sixteen, whereas the obligation extends only to those who are less than the stated age; but, since the jury were not told that the absence of the certificate made defendant liable to plaintiff, we do not feel warranted, under all the attending circumstances, in treating this mistaken instruction as reversible error.

All assignments calling for discussion have been referred to, and we accordingly enter the following order:

The judgment on the claim of the plaintiff, Andrew Pinter, is reversed and here entered for defendant; the judgment on the claim of Charles Pinter is affirmed.