## Faiola, Appellant, *v.* Calderone.

*Negligence—Employment of minor under fourteen—Principal and agent—Case for jury—Evidence—Act of May 13, 1915, P. L. 286.*

1. Where a child under fourteen is employed in violation of the Act of May 13, 1915, P. L. 286, and is injured in the course of his employment, the employer is liable regardless of negligence, inasmuch as the act constitutes the employment as negligence per se.

2. The liability of the employer exists where the employment is by an agent acting within the scope of his employment, express or implied.

3. Where the owner of a retail store employs a manager and delegates to him the general direction of the business, and imposes upon him the responsibility for its general upkeep and welfare, the

manager has implied authority to employ help, and if he employs a child under fourteen, and the latter is injured in the course of his employment, the liability of the employer is a question for the jury.

*Negligence—Injury—Disease—Causal relation—Evidence—Case for jury—Expert.*

Where an expert in an accident case testifies an injury caused a subsequent diseased condition of the person injured, the causal connection between the injury and the disease is a question for the jury, under proper instructions from the court.

Argued September 27, 1922. Appeal, No. 187, Oct. T., 1922, by plaintiff, from order of C. P. Westmoreland Co., Aug. T., 1920, No. 752, refusing to take off nonsuit, in case of John Faiola by Gennaro Faiola, his father and next friend, v. Rocco Calderone. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before DOM, J.
The opinion of the Supreme Court states the facts.
Nonsuit; refusal to remove. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit, quoting record.

*James Gregg,* with him *Curtis H. Gregg,* for appellant. —The proximate cause was the injury sustained by plaintiff: Miller v. Director Gen. R. R., 270 Pa. 330; Temme v. Schmidt, 210 Pa. 507; Davies v. McKnight, 146 Pa. 610; Brashear v. Traction Co., 180 Pa. 392; McCafferty v. R. R., 193 Pa. 339; Blasband v. P. R. T. Co., 42 Pa. Superior Ct. 325.

It was not necessary to prove defendant's agent had express authority to employ plaintiff: Buffner v. Jamison Coal Co., 247 Pa. 34; Drexler v. P. R. T. Co., 244 Pa. 18; Garrett v. Gonter, 42 Pa. 143; Negley v. Lindsay, 67 Pa. 217.

The proof was sufficient to submit the question of master and servant to the jury: Fox v. Cash, 11 Pa. 207; Whitmire v. Montgomery, 165 Pa. 253; Cook v. Forker, 193 Pa. 461.

Defendant admits he placed Giunta in charge of his store. The law presumes the latter had power to carry on the business and to do whatever was necessary to accomplish this purpose: London Savings Fund v. Bank, 36 Pa. 498; Adams Express Co. v. Schlessinger, 75 Pa. 246; American Car, etc., Co. v. Water Co., 218 Pa. 542; Williams v. Getty, 31 Pa. 461; Chidsey v. Porter, 21 Pa. 390.

*Robert W. Smith,* with him *Adam M. Wyant, Paul J. Abraham* and *R. E. Best,* for appellee.—The relation of master and servant was not sufficiently shown: Fee v. Express Co., 38 Pa. Superior Ct. 83.

The alleged accident was the proximate cause of the serious injury of which plaintiff complains: McCafferty v. R. R., 193 Pa. 339; Miller v. Director Gen. R. R., 270 Pa. 330.

OPINION BY MR. JUSTICE KEPHART, January 3, 1923:

Defendant owned two stores, located some distance apart. He personally conducted one of them; the other was under the management of Marino Giunta, an employee. John Faiola, a minor ten years of age, worked at the latter place cleaning, sweeping and performing other services about it, and at times assisting the truck driver in delivering groceries and fruit. He had been thus engaged for two years when he received a bump on the knee while moving some heavy barrels at the direction of Giunta, the injury developing into a disease of the marrow of the bone. In an action to recover damages, the court below directed a nonsuit because no express contract of employment had been shown, and a contract implied from the acts of others should not bind defendant and cause him to be subject to the penalty of

a criminal statute. Appellee now contends there was neither express nor implied authority in the agent to employ the plaintiff's son.

An agent's authority to employ may be established by direct evidence of its existence or facts showing an agent's or employee's course of dealing with others wherein similar contracts or contracts of like nature were made, of which the principal had knowledge and in which he acquiesced, or where the agent is clothed with general authority over a business that requires for its due execution the employment of individuals, and is thus held out to the world as a person authorized to employ. Private instructions to an agent may not empower him to act within the ordinary scope of duties entrusted to him, but the public or an interested person is not always bound by private instructions. The principal may be held responsible, though the particular acts are done in excess of such instructions (Adams Express Co. v. Schlessinger, 75 Pa. 246; Tanner v. Oil Creek R. R. Co., 53 Pa. 411, 417; Central, etc., Co. v. Thompson, 112 Pa. 118, 133), or where an agent of limited powers has been in the habit of managing the business committed to his care in a manner involving an enlargement of his powers with the knowledge and acquiescence of his principal; authority is then implied: Fee v. Adams Express Co., 38 Pa. Superior Ct. 83, 91.

The instructions may be in writing; here they are in parol. Defendant admits the store where the boy worked was in charge of Giunta as manager. While the latter's duties were indefinitely described (defendant denies Giunta had any authority to employ), he was a manager in control. His duties involved a general direction of its business, the exercise of judgment or discretion in sales and purchases, and responsibility for its general upkeep and welfare. These duties would ordinarily raise an implied authority in such person to employ the assistance necessary to successfully conduct the business, plaintiff's son being in that class: 31 Cyc. 1192 (see note 17). The

public had a right to believe the boy was in defendant's employ when, for a period of two years, he continuously delivered goods to it. Defendant could scarcely evade liability for the reasons here given if one of these customers had sued because of some wrongful act committed by the boy in the course of delivering fruit or produce to his residence. The acts of Giunta were those of a vice-principal within an apparent scope of authority, and bind the defendant, to say nothing of ratification shown by the testimony. The question of delegation of authority, express or implied, was for the jury; it was not for the court as a matter of law. The boy was employed in violation of a statute forbidding the employment of persons under the age of fourteen years. The employment of the child in violation of the act constitutes negligence per se. The employer is liable in damages for any injuries naturally or probably occurring during the course of employment regardless of negligence (Krutlies v. Bulls Head Coal Co., 249 Pa. 162, 166); this liability exists where the employment is by an agent acting within the scope of his authority, express or implied, though the employer might not be criminally liable where the hiring is under an implied authority (Miller v. Lockwood, 17 Pa. 248, 253), but this latter we do not decide. The learned court was in error in holding there was no evidence of employment.

There was sufficient evidence of causal relation shown between the accident, injury and diseased condition of the bone. Dr. Taylor, replying to the question whether the injury caused this condition, states it was the cause of inflammatory action setting up, producing this resultant condition. Causal connection was a question for the jury, under proper instruction from the court. See Miller v. Director General of Railroads, 270 Pa. 330.

The judgment of the court below is reversed and a venire facias de novo is awarded.