Wendell Hess *v.* Union Indemnity Company, Insurance Carrier, Appellant.

Argued October 29, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Frank G. Smith,* and with him *A. M. Liveright,* for appellant.

*D. Edward Chaplin,* and with him *J. Mitchell Chase,* for appellee.

Opinion by Gawthrop, J., November 20, 1930:

Claimant, who was seventeen years of age, was injured and lost the sight of one eye by the accidental explosion of a revolver while he was cleaning it. He was employed by defendant as a night watchman in its taxidermy and tannery plant. When he was on duty he was alone in the plant. His duties consisted of watching the skins and furs on hand and protecting the property from theft and fire. Occasionally he performed other duties, such as firing the furnace and building shipping crates. It was his practice to carry a revolver while on duty as watchman. His employer knew that he carried it. With the knowledge and consent of the employer and the foreman of the plant, he also used the revolver to shoot rats which were attracted to the plant by the green hides. The accident occurred about nine o'clock at night while claimant was on the premises when he was watching the plant. The referee found that he was injured in the course of his employment and while he was actually engaged in furthering the business of his employer and awarded compensation. The compensation board affirmed the findings of fact, conclusions of law and award of the referee and the common pleas dismissed the appeal.

The first contention made in behalf of the appellant insurance carrier is that claimant is not entitled to compensation because he was injured while engaged in an employment prohibited by Rule M-13, promulgated by the Department of Labor and Industry of the Commonwealth of Pennsylvania pursuant to the authority granted by the Act of May 13, 1915, P. L. 286, entitled ''An act to provide for the health, safety and welfare of minors, etc.'' This rule provides:

"That the employment of minors under eighteen years of age where such employment pertains to tanning processes is prohibited. This includes such work as that performed in a beam house, filling vats with hides, dipping hides and cleaning vats." It will be observed that the rule does not contain a general prohibition against the employment of minors under eighteen years of age in an establishment where tanning is conducted. The prohibition is limited to work actually pertaining to the tanning process. Claimant was not employed to do such work. The proof is that there was no tanning done at night. Our conclusion is that claimant was not injured while engaged in employment in violation of this rule. "When the engagement is lawful, and the presence of the minor on the premises therefore proper, then the execution by him of some other incidental service, which comes within the prohibited class, does not tinge the whole employment with illegality:" Johnson v. Endura Mfg. Co., 282 Pa. 322.

Another contention of appellant is that claimant is not entitled to compensation because the employment was in violation of Rule M-21 of the same department, which requires that minors who are over sixteen and under eighteen years of age, on applying for a position in any establishment or in any occupation in this Commonwealth, shall present an age certificate which shall remain on file with the employer during the minor's term of employment. While there is no evidence in the record that claimant filed with defendant the certificate required by this rule, neither is there any proof that it was not filed. The only witness who mentioned the matter was a member of the defendant partnership, who testified that he did not know whether or not the company got such a certificate before claimant was employed. It follows that there is a failure of proof that claimant was engaged in em-

ployment in violation of Rule M-21. But even if he were, it is more than doubtful whether the violation of this rule would constitute such a violation of law as would bar the right to workmen's compensation.

The remaining contention is that claimant is not entitled to compensation because he is bound by two statements made by him to an agent for the insurance carrier, which were reduced to writing and signed by him, in which he said that the purpose of his taking the revolver to work with him on the night of the accident was to clean it and that he did not take it for the purpose of "watching premises of my employer," and that on previous occasions he "did not at any time take them (revolvers) for the purpose of protecting my employer's business." Without rehearsing the circumstances under which these written statements were obtained and the inconsistencies of the statements therein, with many undisputed facts, a careful examination of the evidence compels the conclusion that it fully supports the findings of fact that the weapon was carried with defendant's knowledge and consent. Therefore, the findings are final and conclusive. These findings clearly distinguish the case from Beamer v. Stanley Co., of America, 295 Pa. 545, relied on by appellant. In that case the employee was killed by the accidental charge of a revolver and compensation was refused plaintiff because no duty was assigned to him requiring the use of a gun; it was carried without defendant's authority and against its wishes; and the accident resulted from an act which bore no relation to his employment. In the case at bar the weapon was carried with defendant's authority in the performance of a service consistent with its use.

The judgment is affirmed.