Baun *v.* U. G. I. Contg. Co. et al., Appellant.

Argued April 14, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige and Parker, JJ.

*Harry J. Nesbit,* and with him *Harry P. Boarts,* for appellant.

*E. W. Langfitt,* and with him *John A. Scott,* for appellee.

OPINION BY KELLER, J., July 14, 1932:

The defendant, U. G. I. Contracting Co., was engaged in building a lock and dam in the Allegheny River. The work required some excavating on the east side of the river, near Kittanning. To do this it was necessary to do some blasting, and preparatory for this a number of holes were drilled in the rock with a compressed air hammer. The driller in charge of this work was a man named Greenland. He did not have anything to do with loading or exploding the charge and did not use, employ or have any occasion to work with explosives in connection with his job. The claimant, a minor, seventeen years old, was employed by the defendant as assistant to the driller. His work, likewise, did not require, or contemplate, the touching, carrying or use of explosives. While the driller and his assistant were drilling a hole, the drill evidently struck an unexploded charge of dynamite and caused it to go off, injuring both of them. A compensation agreement was entered into with this claimant. Eight months later a petition was filed praying for

the termination of the agreement on the ground that claimant's disability had ceased. This petition was subsequently withdrawn and dismissed at the request of the insurance carrier. About three months thereafter, and about a year after the compensation agreement was entered into, a petition was filed asking for the termination of the agreement on the ground that the claimant had been illegally employed at the time he was injured and had fraudulently misrepresented that he was nineteen years old instead of his true age, seventeen years. After hearing, the petition was dismissed by the referee on the ground that his employment was not illegal in character, and that the compensation agreement had not been secured by reason of a fraudulent misrepresentation of his age. On appeals to the board and the court of common pleas respectively, the order of the referee was sustained.

If the employment of the claimant was not illegal, as being contrary to the Child Labor Act and the rules of the Department of Labor and Industry promulgated thereunder, we need not consider the question of fraudulent misrepresentation of his age.

Section 5 of the Act of May 13, 1915, P. L. 286, provides inter alia, as follows: "No minor under eighteen years of age shall be employed or permitted to work in the operation or management of hoisting machines, in oiling or cleaning machinery, in motion; in the operation or use of any polishing or buffing-wheel; at switch-tending, at gate-tending, at track repairing; as a brakeman, fireman, engineer, or motorman or conductor, upon a railroad or railway; as a pilot, fireman or engineer upon any boat or vessel; in or about establishments wherein gunpowder, nitro-glycerine, dynamite or other high or dangerous explosive, is manufactured or compounded; as a chauffeur of an automobile or an aeroplane ...... In addition to the foregoing, it shall be unlawful for any minor under eighteen years of age to be employed or permitted

to work in any other occupation dangerous to the life or limb, or injurious to the health or morals, of the said minor, as such occupations shall, from time to time, after public hearing thereon, be determined and declared by the Industrial Board of the Department of Labor and Industry.''

Pursuant to such authority the Industrial Board of the Department of Labor and Industry promulgated, inter alia, Rule M-16 as follows: ''That the employment of minors under eighteen years of age in establishments where black powder (all varieties) dry gun cotton, nitro-glycerine, dynamite, chlorates, fulminates, picric acid, fire works and any other substances, which are subject to expansion by the aid of shock, friction, spark or heat, are manufactured, handled or stored, is prohibited, (Smokeless powder, wet gun cotton and wet nitro-starch, while not properly classed with the above as explosives, are also included).''

The court below held that defendant's operation of building the lock or dam was an ''establishment'' within the definition of the Act of May 13, 1915, supra, but that it was not an establishment where the explosives prohibited in Rule M-16 were manufactured, handled or stored, within the meaning and contemplation of the rule. The court said, in part, ''Because dynamite was used at one part of the work in which the defendant was engaged cannot be said to prohibit minors under eighteen years of age from all work on the construction. Joseph Baun was not engaged in the handling of explosives. The ordinary course of his employment would not bring him in contact with the dynamite used. That the explosion occurred in the manner in which it did was entirely an accident. Defendant agrees that if the claimant had been a watchman, he would not have come within the prohibition of the rule. We can see no distinction between the two kinds of employment. We are of the opinion that the words 'manufactured, handled or stored,' as used

in Rule M-16 refer to those establishments whose primary object is to manufacture, handle or store explosives, and do not refer to cases where the use of an explosive is incidental to a major undertaking. This is particularly so, where the employment of a minor is not concerned in any way with the handling or storing of explosives.''

The appellee, likewise, contends that the word 'handle', as used in Rule M-16, means 'to deal or trade in', which is one of its standard definitions in the dictionary; and that the Rule is therefore limited to establishments whose real or principal business is the manufacturing, dealing in or storing of such explosives.

It is not necessary for us to go quite so far, in order to hold that the decision of the lower court was correct. Establishments whose primary object is the manufacturing, handling or storing of explosives are unquestionably within the prohibiting clause of Rule M-16. Establishments whose primary object is not the manufacturing, handling or storing of explosives, but which use and store explosives incidentally in connection with a major undertaking, are likewise, we think, within the prohibition of the rule, as respects the employment of a minor under eighteen years of age to handle or work about the explosives so incidentally used; but we think the prohibition does not extend to their employment in and about work which is not, in the ordinary course of events, calculated to bring them in contact, proximity or industrial relation to such explosives. See Hess v. Union Indemnity Co., 100 Pa. Superior Ct. 108. Water boys under eighteen years of age may legally be employed on construction jobs which require the use of blasting. Breaker boys under eighteen years old may be employed in connection with mining operations, though blasting is used in the mine itself to loosen the coal, the whole forming one establishment. That this is the reasonable con-

struction of the rule is seen by referring to the immediately preceding rule, M-15: "The employment of minors between sixteen and eighteen years of age is permitted in quarries, but such minors shall be prohibited from engaging in any of the following occupations in quarries: Drilling, shot firing, assisting in loading or tamping holes, face cleaning, attaching blocks to chains for cable hoisting, operating or assisting in operating steam, air, or electric shovels, or in any other occupation prohibited by Section 5 of Act 177 of 1915."

It is clear that if the construction of Rule M-16 contended for by the appellant is correct, minors under eighteen years of age could not be employed at all in quarries, for nearly all quarrying is now done by means of explosives, and the two rules would be inconsistent and contradictory; but if interpreted as we have done, Rules M-15 and M-16 are consistent and mutually explanatory.

We are, therefore, of the opinion, that the employment of the claimant as assistant to the driller, in work which the uncontradicted evidence establishes did not involve, necessitate or even contemplate the use of, handling of, or any industrial connection with, the explosives enumerated in Rule M-16, did not constitute an illegal employment such as would bar his right to compensation under the Workmen's Compensation Act, if defended on that ground by the employer.

In this view of the case we are not required to consider the remaining point raised by the appellant.

The assigments of error are overruled and the judgment is affirmed.