Salamone et al., Appellants, *v.* Pennsylvania Fireworks Display Co.

Argued November 20, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER and JAMES, JJ.

*Harold D. Greenwell,* and with him *Otto Kraus, Jr.,*
for appellant.

*Ralph H. Behney,* Counsel for State Workmen's In-
surance Fund, and with him *A. L. Edwards,* Deputy
Attorney General, and *Wm. A. Schnader,* Attorney
General, for appellees.

Opinion by Keller, J., December 16, 1933:

The following opinion of President Judge Hause of the court below clearly and concisely states the facts and the law applicable to this appeal.

"This appeal presents a question of law. The facts are not in dispute. Claimant's son was fifteen years old when he was killed, on April 3, 1930, in an explosion at defendant's plant, where he was employed. Defendant was engaged in manufacturing fireworks from 'gunpowder' and the son was engaged in that work under a contract of employment made by the defendant company with the son. The 5th Section of the Act of May 13, 1915 (P. L. 286), expressly provides that 'no minor under eighteen years of age shall be employed or permitted to work......in or about establishments wherein gunpowder, nitro-glycerine, dynamite or other high or dangerous explosive is manufactured or compounded.' The Board awarded compensation for the son's death and the Workmen's Insurance Fund appealed. The question presented is: Where a contract of employment is positively prohibited by statute, can compensation be awarded [by the Board] for a death that occurred while services were being rendered under such employment? This death did not occur by reason of the failure of the defendant company to do certain things, expressed in a statute, in order to protect the life and limb of the employee, but it resulted from the making of a contract of employment positively prohibited by the statute. The question presented has been expressly passed upon adversely to the claimant by our Supreme Court in Lincoln v. National Tube Co., 268 Pa. 504, and this case was followed in Stern & Co. v. Ins. Co., 269 Pa. 559, where it is held that 'a minor illegally employed in an industrial establishment is not a compensable employee under the Workmen's Compensation Act.'

And in Welsch v. Pittsburgh Coal Co., 303 Pa. 405, the Supreme Court, referring to the above two cases, said: 'We decided (in those cases) that the Workmen's Compensation Act only applied where an express or implied contractual relation of employer and employee existed and that no such relation could legally arise out of the contract which was declared to be illegal at the same session of the legislature as passed the Workmen's Compensation Act, and hence the plaintiff was not within the purview of the latter statute.' In the light of these cases, the exceptions are sustained, the award of the Board is reversed and judgment is entered in favor of the State Workmen's Insurance Fund."

We do not interpret the decisions in Delaney v. Phila. C. & I Co., 272 Pa. 578, 116 Atl. 537, and Kline v. Pittsburgh Stamp Co., 278 Pa. 467, 123 Atl. 407, relied on by the appellant, as holding that a minor employed at work in violation of statutory law has, if injured, a right to *elect* whether he will bring an action in trespass or present a claim for compensation under the Workmen's Compensation Law. The cases cited by the court below held that the Workmen's Compensation Law does not apply to a minor who has been employed in violation of an Act of Assembly; and hence, it follows, that its provisions cannot be *enforced* by either against the other. The cases relied on by appellant, supra, hold that if notwithstanding this rule, the parties have voluntarily entered into a compensation agreement, without any fraud or overreaching on the part of the employer, the injured minor cannot while retaining such compensation recover in trespass, as he otherwise might have done: Krutlies v. Bulls Head Coal Co., 249 Pa. 162, 94 Atl. 459; Pinter v. Baker, 272 Pa. 541, 116 Atl. 498. For the compensation agreement does not disclose on its face the invalidity of the employment. In the case of Stern v. Liberty Mutual

Ins. Co., 269 Pa. 559, 112 Atl. 865, the employer who had settled an action at law brought by a minor employed contrary to law, was permitted to recover from the insurance company defendant, not under the workmen's compensation provisions of the policy, but upon a clause in the policy indemnifying against "loss for liability imposed by the laws of the state for damages on account of personal injuries to employees"; and it was recognized (p. 561) that the injured minor was not a compensable employee under the Workmen's Compensation Act.

As respects the suggestion of the Board that the parties were not *in pari delicto,* we have only to say, that the appellant before the Board and in the court below was the State Workmen's Insurance Fund. By section 20 of the act creating it (June 2, 1915, P. L. 762), it is provided that any subscriber to the fund who within seven days after notice of an accident to an employee shall have filed with the Board a true copy of such notice, etc., shall be discharged from all liability for the payment of compensation, and all such compensation due therefor shall be paid out of the fund. The fund, the party liable in case this claim is upheld, was freer from delict than the claimant who permitted his son to work at illegal employment and received part of his wages. See Pinter v. Baker, 272 Pa. 541, 544, 166 Atl. 498.

The Act of April 14, 1931, P. L. 36, which added section 320 to the Workmen's Compensation Act, was not declaratory of the law, but effected a radical change in the law. It did not take effect until after the accident in question, and as it affects the substantive rights of the parties rather than procedure, it is not retroactive and does not apply to this case.

The judgment is affirmed.