Mitchell et al. *v.* Mione Mfg. Co., Appellant.

Argued November 21, 1933.

Before KELLER, CUN-
NINGHAM, BALDRIGE, STADTFELD and JAMES, JJ.

*Howard M. Lutz,* and with him *Wendell E. Warner*
of *Lutz, Ervin, Reeser & Fronefield,* for appellant.

*J. Borton Weeks,* and with him *Paul Lane Ives,* for
appellees.

OPINION BY KELLER, J., March 3, 1934:
This appeal was taken by the defendant from a
judgment in favor of a minor plaintiff in an action
of trespass, for damages sustained in consequence of
an injury received while operating a machine in de-
fendant's factory; his employment by the defendant

being in violation of the Act of May 13, 1915, P. L. 286, known as the Child Labor Act.

It is not disputed that the boy was fifteen years old at the time of the accident; nor that the defendant company, which employed him, had not complied with the 8th section of the Act of 1915, supra, which requires, as to minors under sixteen years of age, that before they "shall be employed, permitted or suffered to work in, about or in connection with any establishment, or in any occupation, the person employing such minor shall procure and keep on file, and accessible to any attendance officer, deputy factory inspector, or other authorized inspector or officer charged with the enforcement of this act, an employment certificate as hereinafter provided, issued for said minor"; nor with section 21 of said act, which provides: "It shall be the duty of every person who shall employ any minor, under the age of sixteen years, to post and keep posted, in a conspicuous place in every establishment wherein said minor is employed, permitted or suffered to work, a printed copy of the sections of this act relating to the hours of labor, and a list or lists of all minors employed under the age of sixteen years."

Appellant contends that a violation of these sections of the Act of 1915, does not render it liable in damages to the plaintiff unless the injury was directly caused by the violation complained of, which it is alleged, did not here appear. The court below ruled that employment of the minor plaintiff, in violation of the Act of 1915, constituted negligence per se, and no other causal connection was required to permit recovery in the action. We think the decisions of the Supreme Court sustain the ruling of the lower court.

In Stehle v. Jaeger Automatic Machine Co., 225 Pa. 348, 74 A. 215, where a boy under fourteen years of age was hurt while at work, the Supreme Court

said, speaking through Mr. Justice STEWART: "When a child has been employed in violation of law and is injured in the place where he is employed, to allow the employer to escape liability because the injury resulted from the imprudence or negligence of the child, would be to defeat the purpose of the law and render it absolutely futile ...... Clearly the accident would not have happened but for plaintiff's illegal employment ....... If the negligent act of the defendant in employing the plaintiff induced or offered opportunity for the subsequent act of the latter, and if his act was of a character common to youthful indiscretion, not only would causal connection be shown, but the law would refer the injury to the original wrong as its natural and probable cause, notwithstanding the intervening agency between that wrong and the injury."

This was followed by the case of Krutlies v. Bulls Head Coal Co., 249 Pa. 162, 94 A. 459, where, although the boy was actually under fourteen years of age, the plaintiff's statement had averred he was over fifteen years old, and the case was tried and disposed of in both the lower court and the Supreme Court on that theory (p. 165). The violation of the Act of May 1, 1909, P. L. 375, relied on to sustain a recovery was that the employer had not procured and kept on file an employment certificate issued to said minor as required by section 3 of that act. The Supreme Court said, speaking through Mr. Justice MOSCHZISKER, "When the employment of a minor is shown to be illegal, because forbidden by a statute like the Act of 1909, supra, that, in itself, is sufficient evidence of the defendant's negligence, and, if the injury complained of occurred in the course of the plaintiff's service under such unlawful employment, that is enough to show a causal connection, and the law will refer the injury to the original wrong as the proximate cause ...... To employ a minor under the age of sixteen in

a coal breaker is unlawful, unless the employer procures and keeps on file the certificate required by the Act of 1909, supra, and, when an action for damages is brought, grounded on such employment, the procurement of the certificate and the keeping of the same on file, as demanded by the act, is a matter of justification, or defense, to be shown by the employer; hence, a lack of compliance with the terms of the statute in this respect on the part of the defendant, need not be shown by an, injured plaintiff." The opinion goes on to discuss the two views taken by the courts of the several states respecting the effect of statutes regulating the employment of minors, and definitely aligns Pennsylvania with the states holding: "That one who employs minors, when sued for an injury to such a worker, must justify the legality of the employment by proving the plaintiff within a permitted age and that he, the defendant, had complied with all the statutory requirements in relation to the employment of persons of the age in, question; further, if the law contains no provision by which the employer may protect himself, through certificates or other means, then he takes such workers into his service at his own risk, so far as their age is concerned, and a false statement by the employee in regard thereto will in no sense bar a recovery for a subsequent injury."

This pronouncement of the Supreme Court was confirmed in the case of Chabot v. Pittsburgh Plate Glass Co., 259 Pa. 504, 508, 103 A. 283, where the injured boy was past his fourteenth birthday but under sixteen, and was injured while hauling a truck containing glass. The violation of the Act of April 29, 1909, P. L. 283,—the Child Labor Act then in force—which the court below ruled was sufficient, in itself, to sustain a recovery, consisted in the failure of the employer to *file* the minor's employment certificate and *post* the list of minors employed under the age of sixteen, as

required by section 7 of that act. The Supreme Court, speaking through Mr. Justice MESTREZAT, said: "The second question raised by the defendant company is whether it was guilty of such a breach of the Act of April 29, 1909, P. L. 283, as to convict it of negligence as a matter of law. The court below so held and in this conclusion we concur. Section 1 of the act prohibits the employment of any minor under the age of eighteen years in any factory, except under certain conditions specified in the act. Section 7 forbids the employment of a minor under sixteen unless the employer procures and keeps on file, and accessible to the deputy factory inspectors, an employment certificate, as therein provided, issued to the minor, 'and keeps two lists of all minors under the age of sixteen years employed in or for his or her establishment; one of said lists to be kept on file in the office of the employer, and one to be conspicuously posted in each of the several departments in or for which minors are employed.' It is conceded that the two lists of minors employed in the factory were not kept and that one list was not posted in the department in which the plaintiff worked. It is, therefore, clear that this provision of the Act of 1909 was violated by the defendant company. It is contended, however, that the employment is legal when the employment certificate has been procured, and that the filing of the certificate and the keeping and posting of the lists of minors is simply directory. There is nothing in the act nor any reasonable construction of it that will support the contention. The language of this section of the statute is mandatory and, whatever the purpose may have been, it is clear that the legislative intent was that the posting of the lists of minors in the several departments of the work is as imperative as any other mandate of the statute. The burden was upon the defendant company to show that in employing the plaintiff it had

brought itself within the exceptions to the express provisions of the statute prohibiting the employment of minors of this age in any factory, and, having failed to meet this burden, it follows that the plaintiff was injured while employed in the defendant's factory in violation of the statute. This was a negligent act for which the defendant was liable, and, as we have uniformly ruled, the causal connection being shown, the law refers the injury sustained by the employee to the original wrong as its proximate cause."

Appellant seeks to escape the force of these decisions by arguing that the Act of 1915 (P. L. 286), now in force, does not forbid the employment of minors who are fourteen years old or over, but under sixteen, as definitely as the Acts of 1909 (P. L. 283 and 375) which were construed in those cases. In our opinion the Act of 1915 puts additional conditions and limitations on the employment of minors, and requires, in order that the employment of a minor under sixteen years of age may be lawful, not only that the employer secure and file the employment certificate and post the list of minors under sixteen years of age who are working in said establishment, required by the Acts of 1909, but also that minors between fourteen and sixteen years of age shall attend school as provided in section 3, and further limits the hours and periods of labor (sec. 4). The language of the seventh section of the Act of 1909 (P. L. 283), "No minor under the age of sixteen years shall be employed in or about or for any establishment or industry named in sections three and four of this act—[the latter of which specifically permitted the employment of minors over fourteen years old in certain establishments]—unless the employer procures and keeps on file ...... the employment certificate hereinafter provided," etc., and of the third section of the Act of 1909 (P. L. 375), "No minor under the age of sixteen years shall be

employed in or about or for any establishment or industry named in section one of this act [coal mines or breakers], unless the employer of said minor procures and keeps on file ...... the employment certificate hereinafter provided;'' is no stronger than that used in the eighth section of the Act of 1915: ''Before any minor under sixteen years of age shall be employed, permitted or suffered to work in, about or in connection with any establishment, or in any occupation, the person employing such minor shall procure and keep on file ...... an employment certificate as hereinafter provided, issued for said minor.'' And the duty to keep posted a list of all minors employed under the age of sixteen years is just as explicit under the Act of 1915 (sec. 21) as under the Acts of 1909 (P. L. 283, sec. 7; P. L. 375, sec. 3).

The Supreme Court recognized this in the case of Pinter v. Baker, 272 Pa. 541, 116 A. 498, where it said, speaking through Mr. Justice MOSCHZISKER, ''The Act of *1915* supra [P. L. 286] *ordains* that no child under fourteen years of age shall be put to work, and *those between fourteen and sixteen shall not be employed* unless the certificate there provided is furnished.'' The violation of the Act of 1915 complained of in that case was that the boy, who was under sixteen, worked more than nine hours a day and at night (see p. 544); and this statutory violation was held to have sufficient causal effect to sustain the judgment for the minor.

The Act of 1915, as construed by the Supreme Court, provides:

1. That no minors under fourteen years of age shall be employed in any establishment; and any violation of this provision constitutes negligence per se: Faiola v. Calderone, 275 Pa. 303, 307, 119 A. 539; Stehle v. Jaeger Automatic Machine Co., 220 Pa. 617, 69 A. 1116.

2. Minors fourteen years old and upwards but less than sixteen may be lawfully employed in occupations or establishments not forbidden as hazardous by section 5, *provided only,* (1) they attend school as directed by section 3; (2) do not work in excess of the hours and periods fixed by section 4 (Pinter v. Baker, supra); (3) if the employer, before they are employed or permitted to work, procures and keeps on file an employment certificate issued for said minor (sec. 8); and posts and keeps posted a printed copy of the sections of the act relating to hours of labor and a list of all minors employed under the age of sixteen years (sec. 21). *Any employment* in violation of these provisions constitutes negligence per se: Krutlies v. Bulls Head Coal Co., supra; Chabot v. Pittsburgh Plate Glass Co., supra; Pinter v. Baker, supra. An employer who has complied with these provisions will likewise be held guilty of negligence if he directs or permits a minor so lawfully employed to engage in work forbidden by the statute to minors of that age, and he is injured while so engaged in work: King v. Darlington Brick & Mining Co., 284 Pa. 277, 131 A. 241; Williams v. Rheas, 99 Pa. Superior Ct. 438; Johnson v. Endura Mfg. Co., 282 Pa. 322, 127 A. 635. This last principle applies also to minors under *eighteen* years of age lawfully employed.

3. Misstatement by the minor of his age does not relieve the employer of liability: Krutlies v. Bulls Head Coal Co., supra; Hrabchak v. D. & H. Co., 54 Pa. Superior Ct. 626; Pinter v. Baker, supra, p. 547.

4. If the employment of the minor was in violation of law and he is injured while at work, his remedy is by action of trespass; not under the Workmen's Compensation Act: Lincoln v. Nat. Tube Co., 268 Pa. 504, 112 A. 73; Stern & Co. v. Liberty Mut. Ins. Co., 269 Pa. 559, 112 A. 865; Salamone v. Penna. Fire Works Display Co., 111 Pa. Superior Ct. 220, 169 A. 450. But

as to accidents happening after July 1, 1933, see Act of April 14, 1931, P. L. 36. Where a compensation agreement, with the consent of his father, has been entered into by an injured minor illegally employed, without any fraud or overreaching on the part of the employer, and the money paid under said agreement is retained, the minor cannot recover in trespass: Delaney v. Phila. & Reading C. & I. Co., 272 Pa. 578, 116 A. 537; Kline v. Pittsburgh Stamp Co., 278 Pa. 467, 123 A. 407.

5. If the employment of the minor is lawful, but he is directed, or permitted, by the employer to perform work which is in violation of the statute and is injured while doing so, he may recover in trespass: King v. Darlington Brick & Mining Co., supra; Johnson v. Endura Mfg. Co., supra.

There is nothing in the cases of Hess v. Union Indemnity Co., 100 Pa. Superior Ct. 108, or Radel v. Seib, 105 Pa. Superior Ct. 75, 159 A. 182, which controverts these principles. In the former case the certificate referred to in the opinion was not one required by any act of assembly, but was prescribed by a regulation (M-21) of the Department of Labor and Industry. The Act of 1915, supra, sec. 5, permitted the Department of Labor and Industry to determine and declare that certain other occupations were dangerous and unlawful for minors under eighteen: Baun v. U. G. I. Contracting Co., 106 Pa. Superior Ct. 282, 161 A. 585; but it gave the department no authority to order a certificate to be procured for a minor between sixteen and eighteen years old as a prerequisite of lawful employment. The regulation, in this respect, did not have the force of law, and a failure to comply with it did not render the employment illegal. In the latter case, no question was raised as to the filing of an employment certificate and the *legality* of the employment until January 19, 1931, after the *rehear-*

*ing* was in progress, and over two years after the accident (August 23, 1928). The defense had been along entirely different lines. This may be treated as if the employer had waived that defense and acquiesced in the authority of the Workmen's Compensation Board to consider the case, the same as when an agreement of compensation is made with a minor employee in such circumstances: Delaney v. Phila. & Reading C. & I. Co., supra. Not having raised the question until it was too late to bring an action of trespass, the employer should not be permitted to reap an advantage from his own wrong in not procuring a certificate. This court certainly did not intend to go counter to the decisions of the Supreme Court.

This disposes of the main question. The other points raised do not require extended discussion.

1. A litigant has no right to have any particular man or men on the jury or any particular set of men from whom to select the jury: Com. v. Payne, 205 Pa. 101, 103, 54 A. 489; Com. v. Nye, 240 Pa. 359, 87 A. 585; Com. v. Weber, 167 Pa. 153, 165, 31 A. 481.

2. The court having withdrawn the question of the defendant's negligence from the jury and ruled upon it as matter of law the colloquy between the trial judge and the defendant's witness, Hackett, who was called as a witness on the question of negligence, did the defendant no harm: Gallagher v. Hildebrand, 285 Pa. 350, 132 A. 174.

3. The verdict of the jury was not so large as to shock the conscience of the court. In one respect the trial judge charged more favorably to the defendant than it deserved, for it took away from the consideration of the jury the question of the loss of the minor plaintiff's earning power, and left for them only the question of pain and suffering and disfigurement. It is a question of fact for the jury, rather than one of law for the court, to decide whether the loss of the

first two phalanges of a finger constitutes a disability impairing one's earning power. The Workmen's Compensation Act, section 306 (c), as amended, recognizes it as a disability, and not as a disfigurement. Both the trial judge and the court below felt that the amount of damages given by the jury was not unconscionable and we find no such error, in this respect, as requires us to set the judgment aside.

The assignments of error are overruled and the judgment is affirmed.