## McGuckin v. Keystone Dye & Metal Works

*Conlen, LaBrum & Beechwood*, for claimant.
*I. Bernard Rotberg*, for defendant.

LEVINTHAL, J., June 9, 1937.—In this case the Workmen's Compensation Board awarded the minor claimant double compensation on the ground that the employment was in violation of the provisions of the Child Labor Law.

It is admitted by the employer that claimant was under 18 years of age when employed and when the accident occurred, and it is conceded that the employer failed to comply with section 8 of the Child Labor Law of May 13, 1915,

P. L. 286, amended by the Act of July 19, 1935, P. L. 1335, which provides:

"Before any minor under eighteen years of age shall be employed, permitted or suffered to work in, about, or in connection with, any establishment, or in any occupation, the person employing such minor shall procure and keep on file, and accessible . . . an employment certificate . . . issued for said minor."

It is, however, contended that the failure to obtain the employment certificate is not such a violation of the law by the employer as should entitle the employe to double compensation under section 320 of the Act of April 14, 1931, P. L. 36, amending The Workmen's Compensation Act of June 2, 1915, P. L. 736.

Section 320 provides:

"If the employe at the time of the accident is a minor, under the age of eighteen years, employed or permitted to work in violation of any provision of the laws of this Commonwealth relating to minors of such age, compensation, either in the case of injury or death of such employe, shall be double the amount that would be payable to such minor if legally employed."

It is argued on behalf of defendant that the legislature intended to penalize an employer only where he employed a minor in a specially hazardous employment, one specifically prohibited by the Child Labor Law, and that the violation of the duty to obtain an employment certificate, where the employment otherwise would have been lawful, does not warrant the imposition of double compensation liability against the employer.

It should, in the first place, be noted that the employment of the minor claimant in the present proceedings was in fact hazardous and was actually prohibited.

It is undisputed that claimant was employed to operate a punch press, without any supervision by or instruction from defendant, and that in the course of such employment his left hand became entangled in the machinery

and was so severely crushed as to require the amputation of all of his fingers of that hand.

Section 5 of the Child Labor Law of 1915, as amended by the Act of 1935, supra, provides that it shall be unlawful for any minor under 18 years of age to be employed or permitted to work in any occupation dangerous to life or limb, "as such occupations shall, from time to time, after public hearing thereon, be determined and declared by the Industrial Board of the Department of Labor and Industry". Pursuant to this authority, the Department of Labor and Industry, on April 21, 1925, approved rule M-22, which provides: "That the employment of minors under eighteen years of age on punch presses is prohibited except that minors between the ages of sixteen and eighteen who are duly authenticated apprentices may be so employed provided that such work shall at all times be done under proper supervision."

It is contended that rules and regulations of the Department of Labor and Industry are not "laws" of the Commonwealth, the violation whereof should call for double compensation under section 320 of The Workmen's Compensation Act. There is no merit whatsoever to this contention.

"The legislature", it is true, "cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend, which cannot be known to the lawmaking power, and must, therefore, be a subject of inquiry and determination outside of the halls of legislation": Locke's Appeal, 72 Pa. 491, 498; Field v. Clark, 143 U. S. 649, 694; United States v. Grimaud, 220 U. S. 506; Gima v. The Hudson Coal Co., 106 Pa. Superior Ct. 288, 298. Our legislature indicated its will in the Child Labor Law to prohibit the employment of minors in hazardous occupations. Under general provisions, the

Department of Labor and Industry was given authority to fill in the details by adopting rules and regulations for the better protection of workers in establishments: Gima v. The Hudson Coal Co., supra, at page 299; see also Baun v. U. G. I. Contracting Co. et al., 106 Pa. Superior Ct. 282. Unquestionably, therefore, the violation of rule M-22 of the Department of Labor and Industry would render the employment of the minor claimant illegal and would subject defendant to liability for double compensation, even if an employment certificate had been procured.

It is, however, not necessary to rely on the violation of rule M-22 of the Department of Labor and Industry to justify the award of double compensation in favor of the minor claimant in this case. The mere failure to procure an employment certificate in violation of the provisions of the Child Labor Law renders the employment illegal and subjects the employer to liability for double compensation, in accordance with section 320 of The Workmen's Compensation Act. Prior to the enactment of section 320, one who employed a minor without a certificate, in violation of the Child Labor Law, was liable for negligence per se and no other causal connection between the act of employment and the injury sustained thereunder was necessary to warrant a recovery of damages in an action at law: Mitchell et al. v. Mione Mfg. Co., 112 Pa. Superior Ct. 394; Krutlies v. Bulls Head Coal Co., 249 Pa. 162. Indeed, in the case of Chabot v. Pittsburgh Plate Glass Co., 259 Pa. 504, where an employment certificate had actually been procured by the employer, who merely failed to file the certificate and to keep and post the list of minors employed, in violation of the provisions of the Child Labor Law, it was held that the employment was illegal and that the employer was liable for negligence per se, because "the posting of the lists of minors . . . is as imperative as any other mandate of the statute." In the same way, the violation by an employer of any positive mandate of the Child Labor Law imposes upon him liability for double compensation under section 320 of The

Workmen's Compensation Act, for such liability is but a substitute for the previously existing liability in an action at law for negligence.

It is true that in the case of Tesar v. National Ventilating Co., 227 App. Div. 333, 237 N. Y. Supp. 488 (1929), it was held by the Appellate Division of the Supreme Court of New York that the provision for double compensation in the Workmen's Compensation Act of New York did not apply where a certificate of employment was not procured if the minor was engaged in an employment lawful for one of his age. But in the more recent case of Davidowicz v. Klipstein et al., etc., 246 App. Div. 875, 285 N. Y. Supp. 66 (affirmed 272 N. Y. 543, 4 N. E. (2d) 728) (1936), the same court did award double compensation in favor of a minor claimant operating a power press where no employment certificate had been issued.

Of course, the fact that the employer was deceived by the minor, who misrepresented his age, was utterly unavailing as a defense against the claim for double compensation: Pinter et al. v. James Baker, Inc., 272 Pa. 541, 546. The argument that the employment certificate under subdivisions (*e*) and (*f*) of section 320 of The Workmen's Compensation Act is "conclusive evidence", but not the only evidence, of the minor's age, has no bearing upon the question before us for consideration. These statutory provisions are obviously for the protection of the employer who complies with the requirements of the law; if the employment certificate shows the minor to be more than 18 years of age the employer is protected even if the age as certified be incorrect. In the present case, the employer failed to procure the certificate and there is no evidence in the record indicating that claimant was in fact more than 18 years of age when the accident occurred.

And now, to wit, June 9, 1937, the exceptions of the Keystone Dye & Metal Works to the award of the Workmen's Compensation Board and the appeal of the said Keystone Dye & Metal Works from the said award are hereby dismissed, and the award of the Workmen's Com-

pensation Board, affirming the findings of fact and conclusions of law of the referee, is hereby affirmed.

Judgment accordingly is hereby entered for claimant, Joseph McGuckin, against the Keystone Dye .& Metal Works, defendant, in the sum of $1,225, being the total amount stated by the award to be payable as additional compensation.