# Stehle v. Jaeger Automatic Machine Company, Appellant.

*Negligence—Master and servant—Proximate and remote cause—Industrial establishments—Act of May 2, 1905, P. L. 352.*

1. It is never a question for a jury whether one violating a positive statute exercised reasonable care and caution in so doing.

2. Where a boy under the age of fourteen years employed in an industrial establishment in violation of the Act of May 2, 1905, P. L. 352, is injured while cleaning a pipe, both he and his father may recover damages for his injuries, although the cleaning of the pipe was no part of the boy's duty, and he had been specially warned not to attempt it. In such a case the proximate cause of the injuries was the employment of the boy in violation of the act.

3. It is because a child under fourteen years of age is likely to be imprudent and negligent, and is therefore exposed to greater dangers to himself and others as well, that his employment in industrial establishments is forbidden. So it is never a question of risk of employment or of contributory negligence.

4. Where the circumstance or event which concurs with the negligent act in causing the injury might reasonably have been foreseen as likely to occur under the circumstances, the person guilty of such negligent act is liable for the resulting injury.

5. Where a boy under fourteen years of age employed in an industrial establishment in violation of the act of May 2, 1905, is injured, the father as well as the boy may recover damages for the injuries, and it is immaterial that the father had knowledge of the statute, or that a factory inspector had advised the defendant that as the boy had been employed prior to the passage of the act he was not within its terms.

*Constitutional law—Title of act—Employment of infants—Act of May 2, 1905, P. L. 352.*

6. Sec. 2 of the Act of May 2, 1905, P. L. 352, regulating the employment of children in industrial establishments is not unconstitutional, notice of the provisions of the section being sufficiently given in the title.

Argued May 4, 1909. Appeal, No. 34, Jan. T., 1909, by the Jaeger Automatic Machine Company, from judgment of C. P. No. 4, Phila. Co., June T., 1906, No. 4,964, on verdict for plaintiff in case of George Stehle, a minor, by his father and next friend, George Stehle, and the said George Stehle,

father of the said George Stehle, minor, in his own right, *v.* Jaeger Automatic Machine Company. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Argued May 4, 1909. Appeal, No. 69, Jan. T., 1909, by George Stehle, father of George Stehle, minor, in his own right, from judgment of C. P. No. 4, Phila. Co., June T., 1906, No. 4,964, on verdict for defendant in case of George Stehle, father of George Stehle, minor, in his own right, *v.* Jaeger Automatic Machine Company. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit to recover damages for personal injuries to a boy under fourteen years of age. Before CARR, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for George Stehle, Jr., for $3,500, and for the defendant as against George Stehle, Sr.

*Error assigned* in No. 34 was refusal of binding instructions for defendant.

*Error assigned* in No. 69 was in admitting the evidence as to the statement of the factory inspector as set forth in the opinion of the Supreme Court, and in refusing judgment for George Stehle, Sr.

*Francis Shunk Brown* and *Alexander Simpson, Jr.,* for the Jaeger Automatic Machine Company, appellant.—The Act of May 2, 1905, P. L. 352, is unconstitutional: Com. v. Samuels, 163 Pa. 283; Com. v. Hoopes, 15 Pa. Dist. Rep. 894.

The act of May 2, 1905, imposes no imputed negligence upon the defendant in this case, because the minor employee was not injured while doing the work for which he was employed: Lenahan v. Pittston Coal Mining Co., 218 Pa. 311; Robb v. Pennsylvania Co. for Ins., etc., 186 Pa. 456.

*William F. Brennan,* for George Stehle, Jr, cited: The Act of May 2, 1905, P. L. 352; Clarion County v. Clarion Twp., 222

Pa. 350; Com. v. Beatty, 15 Pa. Superior Ct. 5; Com. v. Jones, 4 Pa. Superior Ct. 362; Com. v. Charity Hospital, 198 Pa. 270.

It has been held in many cases that "The failure to do an act commanded, or the doing of an act prohibited, is negligence per se:" Brower v. Locke, 31 Ind. App. 353 (67 N. E. Repr. 1015); Owens v. Hannibal, etc., R. R. Co., 58 Mo. 386; Smith v. Milwaukee Builders', etc., Exchange, 91 Wis. 360 (64 N. W. Repr. 1041); Kelley v. Anderson, 15 S. D. 107 (87 N. W. Repr. 579); American Car & Foundry Co. v. Armentraut, 214 Ill. 509 (73 N. E. Repr. 766); Narramore v. Cleveland, etc., Ry. Co., 96 Fed. Repr. 298.

*William F. Brennan,* for George Stehle, Sr.—The jury, having found a verdict in favor of the injured boy, should have found a verdict in favor of the father, because the right of each to recover was based upon the same law and facts.

No authority has been found to support appellee's excuse for its failure to comply with the act; the excuse is so poor that it has never been seriously raised. Surely, it is no defense for a breach of a clear and positive law that an officer of the law told the offender that he could commit the violation: Pitcher v. Lennon, 12 App. Div. 356.

OPINION BY MR. JUSTICE STEWART, June 22, 1909:

When this case was before us in 220 Pa. 617, the judgment was reversed because the court below in its instructions had failed to give effect to the Act of May 2, 1905, P. L. 352, regulating the employment of children in industrial establishments. The second section of this act in express terms makes it unlawful to employ any child under fourteen years of age, in any "establishment" as defined in the act. It was not disputed then, nor is it now, that the plaintiff was under fourteen years of age, and that the place where he was employed, and where he received his injuries, was such an establishment as the act contemplates. In the opinion delivered by our Brother ELKIN, it was held that if the plaintiff's injury "resulted by reason of the employment prohibited by law, there can and should be a recovery in the case." On the

second trial the court was asked to instruct specifically in accordance with the view here expressed. The plaintiff's twelfth point was as follows, "If the jury find from the evidence that the injuries to the boy, George Stehle, resulted by reason of his employment, prohibited by law, there can and should be a recovery in this case, and the verdict should be for the plaintiff." The point was affirmed without qualification. It is now insisted that the trial judge should have qualified it, by explaining to the jury that the mere employment of the plaintiff could not be regarded as the cause of the injury received, if the boy was in no way engaged in the duties of his employment at the time, or if the injury was sustained in consequence of the boy's own inadvertence. The plaintiff was injured in attempting to clean a pipe in which there was a rapidly revolving wheel. By means of this pipe and wheel the loose materials which resulted from the mechanical operation in the polishing room were carried by force of suction without the building. Plaintiff inserted his hand in a hole in the intake pipe some ten inches from the wheel; the suction drew it against the wheel, and both hand and arm were lacerated and broken in consequence. The effort on part of the defense was to show that not only cleaning the pipe through this hole was no part of plaintiff's duty, but that he had been specially warned not to attempt it, and much evidence was offered and admitted on this branch of the case. Let it be that these were the established and admitted facts. That they would be conclusive against an adult's right of recovery is unquestioned; but we are not dealing here with the case of an adult. The plaintiff is within a class of persons whom the law seeks to protect in the matter of their employment, because as a rule they are not able to adequately protect themselves. There can be no doubt that one of the chief purposes of the law in forbidding their employment in industrial establishments, was to prevent their exposure to the danger of personal injury from the machinery used therein. If the danger in their case were only such as the adult is exposed to, there would be little justification for the law. It contemplates a special danger to persons of this class in connection with

such employment, because of the characteristics incident to the immaturity of youth—imprudence, lack of judgment, heedless curiosity and playfulness—and so it makes their employment unlawful. When a child has been employed in violation of law and is injured in the place where he is employed, to allow the employer to escape liability because the injury resulted from the imprudence or negligence of the child, would be to defeat the purpose of the law and render it absolutely futile. It was because a child under fourteen years of age is likely to be imprudent and negligent, and is therefore exposed to greater danger to himself and others as well, that his employment in industrial establishments is forbidden. So it is never a question of risk of employment or of contributory negligence. The fact of plaintiff's employment in an industrial establishment, was in itself sufficient evidence to warrant an inference of the defendant's negligence, regardless of the nature and character of the work assigned him. With defendant's negligence established, but one question remained—was this negligence of the defendant the proximate cause of the plaintiff's injury? It was, if incidental to the employment in a way that showed causal connection. Clearly the accident would not have happened but for plaintiff's illegal employment. If it happened immediately and directly because the boy did something in a negligent manner which he was not ordered to do, such circumstance cannot be considered the proximate cause, since it was the danger of just such occurrences through indiscretion that moved the legislature to forbid the employment of children, and the defendant was bound to have respect to this danger and not set the law at defiance. If the negligent act of the defendant in employing the plaintiff induced or offered opportunity for the subsequent act of the latter, and if his act was of a character common to youthful indiscretion, not only would causal connection be shown, but the law would refer the injury to the original wrong as its natural and probable cause, notwithstanding the intervening agency between that wrong and the injury. It is the settled doctrine of our cases, that where the circumstance or event which concurs

with the negligent act in causing the injury might reasonably have been foreseen as likely to occur under the circumstances, the person guilty of such negligent act is liable for the resulting injury. The rule is thus stated in Cooley on Torts, 76, "If the original act was wrongful and would naturally according to the course of events, prove injurious to some others, and result, and does actually result in injury, through the intervention of causes not wrongful, the injury shall be referred to the wrongful cause, passing through those that were innocent." It was for the jury here to find the proximate cause. No special instructions were asked for on the subject; but following the light they had the jury found it to be the employment of the plaintiff. There are other assignments of error which present the same question only in different form. These do not call for separate consideration. All are overruled for the reasons stated. Nor do we deem it necessary to discuss at length the question raised as to the constitutionality of the act of May 2, 1905. Its constitutionality is challenged on the ground that the title of the act does not give notice of its several provisions, these relating to several distinct subjects. So far as regards sec. 2 of the act— and this is the only part here under consideration—the title contains clear and distinct notice of the subject of the enactment. It recites that it is an act to regulate the employment in all kinds of industrial establishments of women and children employed—" by regulating the age at which minors can be employed," etc. A fuller or more direct statement of the subject could only be made by introducing the section itself into the title. The assignments of error are overruled and the judgment in favor of the minor plaintiff is affirmed.

The father, George Stehle, was plaintiff also, in his own right. The result in his case was a verdict for the defendant. The record discloses no facts or circumstances peculiar to the father which can justify this conflicting finding. The evidence was the same in both cases, and the same law applies to each. It follows that if the son was entitled to recover upon the law and the evidence, so too was the father. We make no attempt to explain the surprising result. There was manifest

error in the charge of the court which might well have operated to the common prejudice of the plaintiffs, but it afforded no ground for discriminating between them. It appeared in evidence that the minor had been in defendant's employ prior to May 2, 1905, and had so continued until October of that year when he was laid off. He resumed his employment in November and continued working until injured. Defendant's superintendent was permitted, against objection, to testify that after the passage of the act of May 2, 1905, defendant's establishment was visited by a deputy factory inspector, who, upon being informed that this minor, then in defendant's employ, was under fourteen years of age, advised the superintendent that inasmuch as the boy had been employed prior to the passage of the act he was not within its terms, and that this officer approved of his employment. This evidence was offered and admitted as tending to excuse the employment of the minor. Respecting this feature of the case the learned judge charged as follows: "So when he (the boy) returned in November, doubtless these employers remembered their conversation with the inspector, that this certificate of employment received by them prior to the passage of the act, was sufficient to warrant their employing it. Therefore the question here for you to decide, notwithstanding the fact of the employment under the age of fourteen years is prima facie negligence, whether these employers did everything that a reasonably cautious person would have done under the circumstances, in order to comply with the law, and if you believe that they behaved as reasonably cautious persons in taking the advice and following the instructions, if you think it was given by the inspector—if you believe that that is what a reasonably cautious person would have done, then it is not negligence, and they are entitled to recover. That is my view of the law." This instruction, which is assigned for error, went wide of the true mark. It is elementary that every man is presumed to know the statute law and to construe it aright, and when one violates it through ignorance, he must abide the consequence. He may not aver in a court of justice that he has mistaken the law,

this being a plea which no court of justice is at liberty to receive. Neither factory inspector nor anybody else could absolve the defendant from his statutory liability which in this case was to refuse employment to the boy. It is never a question for a jury whether one violating a positive statute exercised reasonable care and caution in so doing. This assignment of error is sustained and the judgment for the defendant is reversed with a venire de novo.