## Johnson et al. *v.* Endura Mfg. Co., Appellant.

*Negligence—Minor working at machinery—Child labor law—Proximate cause—Act of May 13, 1915, P. L. 286.*

1. The violation of a penal statute may constitute negligence, per se, but no right of action accrues therefrom unless such wrongdoing is the proximate cause of the accident.

2. The purpose of the Child Labor Act of May 13, 1915, P. L. 286, was to make unlawful the hiring of one within the prohibited age, where the main purpose was to perform some extra-hazardous work as therein defined, but to permit it in other cases.

3. Where the engagement is lawful, and the presence of the minor on the premises therefore proper, the execution by him of some other incidental service, which comes within the prohibited class, does not tinge the whole employment with illegality.

4. Where a boy between sixteen and eighteen is lawfully employed at a cutting machine, and while there employed is injured without any negligence on the part of his employer, he cannot recover for his injuries, because at certain other times he had been employed in oiling machinery while in motion.

5. Although lawfully hired, if the boy is injured as a result of oiling machinery in continuous motion, with the consent of the master, the injury is compensable.

Argued January 7, 1925. Appeals, Nos. 167 and 168, Jan. T., 1924, by defendant, from judgments of C. P. No. 2, Phila. Co., Dec. T., 1922, No. 5148, on verdict for

plaintiffs, in case of Frank A. Johnson, by his father and next friend, William F. Johnson, and William F. Johnson, in his own right, v. Endura Manufacturing Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before GORDON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Frank A. Johnson for $8,500 and for William F. Johnson, his father, for $1,700. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Walter Lee Sheppard,* with him *Porter, Foulkrod & McCullagh* and *Richard A. Smith,* for appellant.— There is no evidence to justify a finding by a jury that the minor plaintiff was employed to oil moving machinery.

The lawful employment of the minor plaintiff to operate a stamping machine, in the operation of which he was injured, was not rendered unlawful by his occasional performance of some other prohibited act: Krutlies v. Coal Co., 249 Pa. 162; Faiola v. Calderone, 275 Pa. 303; Lenahan v. Mining Co., 218 Pa. 311.

*Danl. G. Murphy,* of *Murphy & Levy,* for appellee, cited: Faiola v. Calderone, 275 Pa. 303; Chabot v. Glass Co., 259 Pa. 504.

OPINION BY MR. JUSTICE SADLER, January 26, 1925:

Frank A. Johnson, a minor over sixteen but under eighteen years of age, was injured in the factory of defendant, and an action of trespass to recover damages was instituted. Verdicts in favor of the boy and his father were rendered, and, from the judgments entered thereon, these appeals have been taken.

The son operated a press used for making gaskets, which was set in motion by an overhead belt, controlled by a switch, turned on when desired. He was required to push forward a plate containing paper or cork, which was reduced to the desired sizes when coming in contact with a cutting device. In the performance of this work, his hand was permitted to follow the material too great a distance, and the injury complained of resulted, making necessary its removal at the wrist. He testified his duties included the oiling and cleaning of the machine, though the accident admittedly did not occur while so engaged. The jury was permitted to infer from his statement that he was employed to perform such service when the press was moving, and, following an affirmative finding as to this, judgments were entered on the ground that there had been a violation of the Child Labor Act, and the defendant was therefore responsible for any loss sustained, irrespective of the actual cause of the accident. The evidence, other than that of the minor plaintiff, and the circumstances, negative the contention that he was engaged to oil the machinery while "in motion," as claimed. A careful examination of the record shows, at most, that Johnson did at times do such work with the knowledge or approval of his foreman. It does not sufficiently establish the fact that he was employed for this purpose,—labor of a character made unlawful for those under eighteen by the statute. Assuming, however, that the question was one for the jury, and its finding is to be taken as conclusive of the extent of the service for which he was hired, we are of the opinion, nevertheless, that no recovery can be had.

The Act of 1915 (May 13, 1915, P. L. 286), regulates the labor of minors, making illegal the employment of children under fourteen; in many cases, where under sixteen; and, by section five, in certain instances of special danger when this age had been attained, but not that of eighteen. The injured boy came within the latter class, and his employment by the defendant was proper

for most services, including that of operating a press machine of the kind causing the injury now complained of.   The statute provides, however, "No minor under eighteen years of age shall be employed or permitted to work in the operation or management of hoisting machines, in oiling or cleaning machinery, in motion," and other designated occupations having no relevancy here. As we view the legislation, its purpose was to make unlawful the hiring of one within the prohibited age where the main purpose was to perform some extra-hazardous work as therein defined, but to permit it in other cases. When the engagement is lawful, and the presence of the minor on the premises therefore proper, then the execution by him of some other incidental service, which comes within the prohibited class, does not tinge the whole employment with illegality.   "If the boy is injured while engaged in the performance of the prohibited duties for which he was employed, his employer will be liable in damages for injuries thus sustained": Lenahan v. Pittston Coal Mining Co., 218 Pa. 311, 313; Stehle v. Jaeger Automatic Machine Co., 225 Pa. 348.   So, when permitted to engage in work made unlawful, though the hiring generally is legal, the master is responsible for the loss resulting, if occasioned while so acting, irrespective of negligence, as stated by the learned court below: Sullivan v. Hanover Cordage Co., 222 Pa. 40.   Ordinarily, however, where the hiring is not prohibited, or the harm does not follow in the course of the permissive doing of the unlawful class of work,—the employment being proper,—lack of due care on the part of the master must be shown before recovery can be had.

The violation of a penal statute may constitute negligence per se, but no right of action arises therefrom, unless such wrongdoing is the proximate cause of the injury: Steel Car Forge Co. v. Chec, 184 Fed. 868; Berdos v. Tremont & Suffolk Mills, 209 Mass. 489, 95 N. E. 876; Norman v. Virginia-Pocohontas Coal Co., 68 W. Va. 405, 69 S. E. 857; Lang v. N. Y. C. R. R. Co., 255

U. S. 455, 65 L. ed. 729. It is true that if the original employment of the minor is expressly prohibited, and, as a result of such engagement, his presence upon the premises where the accident occurred is thus occasioned, the owner will be responsible, for the illegal hiring will be deemed the proximate cause. This has been held, under statutes similar to the one now under consideration, where the plaintiff was under the lawful age of fourteen years (Krutlies v. Bulls Head Coal Co., 249 Pa. 162; Faiola v. Calderone, 275 Pa. 303; Stehle v. Jaeger Automatic Machine Co., supra), or the master has failed to comply with some mandatory provision made a prerequisite to any legal employment: Chabot v. Pittsburgh P. Glass Co., 259 Pa. 504.

No similar situation presents itself here. The engagement of Johnson to operate the press,—the main service to be performed,—was permissible. He was not. employed generally to oil machinery in continuous motion, as contemplated by the statute. Had he been, or, though lawfully hired for another purpose, he was injured as a result of so acting, with the consent of the master, his injury would be compensable. Neither of these conditions is found, however, in the instant case, and, under the circumstances disclosed by the evidence, no recovery can be had in the absence of proof that the injury was caused by some act of negligence on the part of defendant, and none was proven. The first and second assignments, refusing binding instructions, and the motion for judgment n. o. v., are sustained, which makes unnecessary the consideration of other questions suggested.

The judgments are reversed, and here entered for the defendant.