Niebauer *v.* Schultz, Admr., Appellant.

Argued April 11, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*M. E. Graham,* and with him *Gunnison, Fish, Gifford and Chapin,* for appellant, cited: Goehring's Estate, 263 Pa. 47; Guldin v. Guldin, 97 Pa. 411; Dinger v. Friedman, 279 Pa. 8; Cake v. Cake, 162 Pa. 584.

*Henry C. Baur,* for appellee, cited: Nunamaker v. Finnegan et al., 110 Pa. Superior Ct. 404; Bank v. Baird, 300 Pa. 92; McCaulif et al. v. Griffith, 110 Pa. Superior Ct. 522.

*Frank B. Quinn,* and with him *Charles H. English* of *English, Quinn, Leemhuis & Taylor,* for additional defendant.

Opinion by Keller, J., October 8, 1934:

The plaintiff, Margaret Niebauer, was riding as a

guest of Edward M. Reamy in his Buick automobile, driven by him, which was proceeding westwardly on the Ridge Road in Erie County. As it approached Hampton Road, an intersecting highway, it collided with a Chevrolet car driven eastwardly by Louis Schultz. The plaintiff was seriously injured in the collision and Schultz suffered injuries from which he died several hours later. She brought this action against Schultz's administrator. The defendant, under authority of the Act of April 10, 1929, P. L. '479, as amended by the Act of June 22, 1931, P. L. 663, sued out a writ of scire facias to bring Edward M. Reamy upon the record as an additional defendant, claiming that the latter was alone liable to the plaintiff for the cause of action declared on, because of the careless, negligent and reckless manner in which he was operating his automobile at the time of the accident; and Reamy was, in consequence, placed on the record as an additional defendant.

At the trial there was evidence of Schultz's negligence, justifying a verdict against his administrator. There was no evidence of any careless or negligent driving by Reamy which contributed to the accident. The jury rendered a verdict in favor of the plaintiff against the original defendant for $2,500, on which judgment was duly entered. The jury also exonerated Reamy from all blame. The original defendant has appealed.

As Shultz was dead at the time of bringing suit, the plaintiff was not a competent witness against his administrator as to anything that occurred in the lifetime of Schultz: Lockard v. Vare, 230 Pa. 591, 79 A. 802. She called Reamy to testify, as under cross-examination, to the circumstances of the collision. Appellant contends, (1) that as Reamy was a defendant on the record, whose interests were adverse to the original defendant, he was not a competent wit-

ness against the original defendant; and (2) that, in any event, he could not be called as under cross-examination by the plaintiff in pressing her claim against Schultz.

(1) We find no merit in the first contention. Before the Act of April 10, 1929, supra, Reamy would have been a competent witness in an action by the plaintiff against Schultz's administrator. Neither the Act of 1929 nor its amendment of June 22, 1931, supra, made any change in the plaintiff's rights to call Reamy as a witness in an action against Schultz's administrator, or as respects the competency of Reamy as a witness against the defendant in such action. Reamy was brought on the record as an additional defendant by the defendant in the action, not by the plaintiff. The rights of the plaintiff in the claim against the original defendant were not affected by the scire facias bringing in Reamy as an additional defendant: Vinnacombe v. Phila. et al., 297 Pa. 564, 147 A. 826; First Nat. Bank v. Baird, 300 Pa. 92, 150 A. 165. The competency of the witnesses was not affected: McCaulif v. Griffith, 110 Pa. Superior Ct. 522, 528, 529, 168 A. 536. If it were otherwise all that any administrator defendant, in such an action, would have to do would be to bring on the record as additional defendants all persons who witnessed the accident and no one could then testify against him. As far as the action against Schultz's administrator was concerned it proceeded just as if Reamy were not a party; and as he was a competent witness before the scire facias bringing him into the case he remained such afterwards.

(2) As to the second contention, the situation is different. The Act of 1929, supra, gave the plaintiff no right of recovery against the additional defendant. As was said by Mr. Justice SIMPSON in the Vinnacombe case, supra, "Nothing in the act shows the

slightest intention to affect plaintiffs in such suits. Consequently, the adding of additional defendants will give no higher right to plaintiffs than they had before. As to them the action proceeds against the original defendant only, exactly as it would have done if the additional defendants had not been named ...... The issues raised by the scire facias and the proceedings following it, are between the two classes of defendants only, and are, in form and effect, in assumpsit (Phila. v. Reading Co., 295 Pa. 183) whether the original proceedings are in assumpsit or trespass."

The Act of 1931, supra, changed this, (1) in that it permitted the defendant to bring upon the record as additional defendant any other person alleged to be alone liable for the cause of action declared on, and (2) wherever it appeared that an added defendant was liable to plaintiff, either alone or jointly with any other defendant, the plaintiff might have a verdict and judgment against such additional defendant to the same extent as if such additional defendant had been duly summoned by the plaintiff and the statement of claim had been amended to include such additional defendant.

Following the Act of 1931, the plaintiff would have the right to call the additional defendant as under cross-examination in support of any claim he or she might be pressing against such additional defendant, but would have no right to call the additional defendant as under cross-examination in pressing his or her claim against the original defendant alone, as was done in this case. But it does not follow that such error requires a reversal of the judgment.

The calling of Reamy as under cross-examination did the original defendant no harm. There was evidence of Schultz's negligence apart from Reamy's testimony. There was no evidence in the case from

which an inference of Reamy's negligence could legally be drawn. A verdict against Reamy would have to be set aside as not supported by evidence. In such circumstances the technical error of permitting Reamy to be called as under cross-examination—not objected to by him, but only by the original defendant, —will not be given the consequence of setting aside the verdict and judgment against the original defendant, which is fully supported by the evidence. This ruling is especially proper in this case, for the amended answer to the scire facias set forth that an action of trespass, brought by Reamy against this defendant to 634 February Term, 1932, growing out of this accident, was tried and resulted in a verdict in his favor against Schultz's administrator, and we were informed, at the argument, that final judgment has been entered on this verdict, so that the liability of Reamy to the original defendant has been decided adversely to such claim and is now res judicata; and could not be raised on a new trial in the present action.

(3) At the conclusion of the arguments and charge to the jury plaintiff's counsel stated that they did not believe Mr. Reamy was in any respect to blame for the accident and that as far as the plaintiff was concerned no verdict in her favor should be entered against him. But the court after charging that if they found Mr. Schultz was not negligent, they should find in favor of both defendants, went on to say: "In case you find Schultz was negligent and responsible for the accident, find in favor of the plaintiff against Schultz, the administrator. And then go into the question as to whether or not Reamy should respond by way of contribution to Schultz, and if you find he should, on the ground that he was negligent, then find in favor of the defendant Schultz against the defendant Reamy. If you find that Reamy was not negligent, then you find a verdict in favor of Reamy as

against Schultz." Mr. Jiuliante: "Suppose they find they were both negligent?" By the court: "If they find they were both negligent, the verdict should be in favor of the original defendant against the additional defendant." This was, in some respects, more favorable than the appellant had a right to ask. No formal release was filed by plaintiff against Reamy. Her counsel did nothing more than reiterate the position she had taken all along, viz., that Schultz's negligence was alone responsible for the accident and that nobody else's carelessness had contributed to it. This position was supported by the evidence. If there had been evidence to support a verdict against Reamy alone, of course, the jury would have had the right so to find, irrespective of the plaintiff's counsel's statement, and to the extent that the trial judge in his charge denied this right he would have been guilty of error. But in the state of the evidence as presented, such a verdict could not stand, and the academic error of the trial judge was harmless.

We find no error in the case requiring, or even warranting, a reversal.

The assignments of error are overruled and the judgment is affirmed.