## Jinks et al. *v.* Currie, Appellant, et al.

Argued October 6, 1936.   Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Clarence A. Patterson,* with him *R. Lawrence Hildebrand,* for appellant.

*Marshall G. Matheny,* with him *Harry H. Frank* and *Matthews & Jamison,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, December 7, 1936:

An automobile belonging to and driven by the defendant, Nancy B. Currie, and a truck owned and operated by the defendant, Israel Cooperstein, were involved in the accident in which the plaintiff, Bertha Jinks, was injured. She and her husband brought this action against both the persons named, charging that their concurrent negligence caused the damages sustained. The jury rendered verdicts against both defendants. Nancy B. Currie alone appeals from the judgments entered.

Plaintiffs were guests in the automobile driven by Mrs. Currie. No question of their contributory negligence arises. The automobile had traveled behind the truck operated by Cooperstein for five or six miles. There was testimony by plaintiffs and by Mrs. Currie that as she proceeded she signaled several times by blow-

ing her horn, her desire to pass the truck, but the truck driver had not given way. Near the foot of a hill she says she again signaled; the truck pulled over to the right of the road, stopped or nearly stopped; she attempted to pass when the truck driver, without indicating that he was about to do so, suddenly turned his vehicle to the left to enter a road which intersected the highway. This forced her, in an endeavor to avoid the truck, to try to enter the intersecting road ahead of it. When so doing the front bumper of the truck struck her rear right wheel, causing her automobile to strike the abutment of the intersecting road, with resulting serious injuries to the plaintiff, Mrs. Jinks. Mrs. Currie knew about the intersecting road, having frequently passed it. The version of the truck driver, Cooperstein, was entirely different. He said he intended to enter the intersecting road to his left to deliver cattle, which were in the truck, at a slaughter house on the road; that he put out his left arm as a signal that he was about to turn; that the automobile suddenly came up and passed him; that it ran into the abutment and that his truck did not touch it.

Several questions are raised and were argued in appellant's behalf. They may be thus summed up: (1) May the plaintiff, who shows by her testimony that Mrs. Currie was free from negligence, have a recovery against her solely upon evidence offered by Cooperstein, which was inconsistent with the averments in the statement of claim? (2) Is the violation of a provision of the Motor Vehicle Law (passing at an intersecting highway) negligence per se or only evidence of negligence? (3) Is it negligence per se for a following vehicle to pass notwithstanding the giving of a signal from the car ahead? (4) Was the intersecting road a public highway? (5) Was the charge adequate as to what constitutes a public highway? (6) Was it not error to submit to the jury the question whether the road was a public highway, where its public character was sought to be established by one

of the co-defendants (Cooperstein) who had filed no pleading to such effect?

Before passing upon these specific questions, it may be well to state the impression which a careful reading of all the testimony makes upon our minds. It would seem that some degree of fault existed with the drivers of both vehicles, the graver fault with the operator of the truck. Even if he did give a signal that he intended to turn into the narrow road, as he says he did, he should have assured himself that no motor vehicle behind him would be crowded off the road by his turn. So far as Mrs. Currie is concerned, she knew the intersecting road was there and when the truck pulled off to the side, it would have been prudent for her to have taken into account that it might be the intention of the driver to turn into the road and accordingly to have either stopped her car or slowed it down sufficiently to see just what the truck driver intended to do.

We now come to the specific questions raised. The argument in support of appellant's first position, that she should be absolved from all responsibility, proceeds along the line that plaintiffs' testimony showed her clear of any negligence, and as the only testimony which convicts her of lack of care was that of Cooperstein and witnesses called by him, and as that indicated negligent acts not set forth in plaintiffs' statement of claim, there is no basis for the recovery against her and the testimony was incompetent to fix her with liability. When account is taken of the fact that the defendants were jointly sued, and of the attitude assumed by appellant on the trial, it is clear that this argument ought not to and cannot prevail. Mrs. Currie was called by plaintiffs as for cross-examination as the first witness on their side of the case. In their statement of claim, plaintiffs had set forth that Cooperstein had turned his truck into Mrs. Currie's car without giving any warning or signal that he was about to turn. This allegation Mrs. Currie affirmed by her testimony, throwing the entire responsibility for the acci-

dent upon him. Certainly he had the right when he was called, as he was, for cross-examination, to give his version of what took place, to show, if he could, that the fault was not his, but Mrs. Currie's, or hers concurrently with his. Whether fully pleaded by the plaintiff or not, the evidence which he gave was competent against Mrs. Currie, just as hers was against him. If this were not so, a plaintiff who had been negligently injured by the concurrent acts of two tort-feasors might be denied recovery against one of them, because the testimony of the other offered a new explanation of what had occurred.

*Niebauer v. Schultz*, 114 Pa. Superior Ct. 538, 174 A. 812, (affirmed by us 318 Pa. 266, 178 A. 285) is not in point on the situation now before us. In that case, the single defendant against whom the plaintiff proceeded brought an additional defendant in by scire facias. It was decided that the plaintiff would have no right to call the additional defendant as under cross-examination "in pressing his or her claim against the original defendant alone." In the present case, where the claim was pressed against both defendants, the testimony of Cooperstein was competent against Mrs. Currie to show that she was in whole or in part responsible for the accident.

The second question presented is whether violation of the provision of the Motor Vehicle Act (Act May 1, 1929, P. L. 905, Art. X, sec. 1008, as amended by the Act of June 22, 1931, P. L. 751, sec. 1008(c), 75 P. S. 543) against passing at intersections is negligence per se or only evidence of negligence. The court charged that it was negligence per se. The section of the act is a positive mandate, a "thou shalt not." "The driver of a vehicle shall not overtake and pass any other vehicle, proceeding in the same direction, . . . at any intersection of highways . . ." We are of opinion that the violation of such a mandatory provision of the law, passed for the purpose of aiding the safe operation of motor vehicles on the public highways, is negligence per

se, and that the court was right in so charging. It is true we have held the violation of a municipal ordinance is only evidence of negligence *(Ubelmann v. American Ice Co.,* 209 Pa. 398, 400, 58 A. 849, 850; *Weinschenk v. Phila. H. M. B. Co.,* 258 Pa. 98, 105, 101 A. 926, 929; *Bell v. Jacobs,* 261 Pa. 204, 208, 104 A. 587, and other cases) and while it is true we said by way of obiter dictum in *Johnson v. American Reduction Co.,* 305 Pa. 537, 539, 158 A. 153, 154, "It is not negligence per se to ignore a statutory duty in driving a vehicle"; in the same sentence we commented that the ignoring of the statute requiring the driver of a wagon to keep close to the right curb was not the proximate cause of the accident in that case. This principle of negligence per se was in mind when we decided *Lane v. Muller, Inc.,* 285 Pa. 161, 131 A. 718; *Zandras v. Moffett,* 286 Pa. 477, 133 A. 817; and *Hayes v. Schomaker,* 302 Pa. 72, 152 A. 827; and is embodied in the general summary in the Restatement, Torts, sec. 286, p. 752: "The violation of a legislative enactment by doing a prohibited act . . . makes the actor liable for an invasion of an interest of another." The majority rule is that the violation of a statute is negligence per se: 45 C. J. 720; 20 R. C. L. 38. In *Stehle v. Jaeger Auto Machine Co.,* 225 Pa. 348, 74 A. 215, we held that the violation of a provision of the factory act regulating the employment of children was negligence per se; and in *Johnson v. Endura Mfg. Co.,* 282 Pa. 322, 325, 127 A. 635, 636, we pointed out that the violation of a penal statute may constitute negligence per se.*

The third question raised is perhaps a little too broadly stated. The trial judge did not charge the jury that it is negligence per se for a following vehicle to pass notwithstanding the giving of a signal from the car ahead. He affirmed a point which stated that, if the

---

* See also Kuehner, "Violation of a Statute or Ordinance as Evidence of Negligence," 36 Dickinson Law Review 192.

jury found that Cooperstein gave the signal required by law by putting out his left arm so it could have been seen by Mrs. Currie, had she looked, and if she attempted to pass notwithstanding the signal, she would be guilty of negligence. We see no error in this.

The remaining questions laid before us may all be disposed of together. They relate to the character of the intersecting road, whether it is a public highway or a private lane or road. In their statement of claim plaintiffs designated it as private. There was testimony introduced by Cooperstein which tended to show that it was a public highway. It seems to have been so regarded by the State Highway Department, which placed "thru stop" signs at the point where it intersects the main highway. The court submitted its character to the jury. It was an ashed road and connected two public highways; there were other roads which branched off from it and it had been used by the public for automobiles and trucks for from fifteen to eighteen years. This warranted the submission to the jury of the question of the kind of highway it is. Under the Motor Vehicle Code, supra, sec. 102, a highway is defined as "Every way or place, of whatever nature, open to the use of the public as a matter of right for purposes of vehicular travel." The act does not speak of public highways, but simply of highways, and the section prohibiting passing at an intersection (section 1008(c) ) contains the word highways, not public highways. It defines a private road (section 102) as "Every road or drive not open to the use of the public for purposes of vehicular travel." It would not seem, in view of the evidence, that the road here in question comes under the latter designation. In this action the question is not whether there has been express dedication or express acceptance of the road, nor whether the intersecting road exists by legal proceedings, but whether it is open and used by the public. See *Kniss v. Borough of Duquesne*, 255 Pa. 417, 100 A. 132. The testimony as to the public character of the road was

540

not objected to and there was no motion to strike it out. Our examination of the court's instructions as to the character of the road satisfies us that they were adequate. The fact that Cooperstein had filed no pleading raising the question of the kind of road it is, for the reasons heretofore stated, makes no difference in the disposition of the case.

The judgments are affirmed.