## MIDDLETON et al. v. COXEN.
### No. 4163.

District Court, M. D. Pennsylvania.

Dec. 16, 1938.

Welles, Mumford & McGrath, of Scranton, Pa., for plaintiffs.

Caldwell, Fox & Stoner, of Harrisburg, Pa., for defendant.

WATSON, District Judge.

This is an action to recover damages for injuries resulting to the plaintiffs by reason of an automobile accident allegedly caused by the negligence of the defendant. It is now before the court upon defendant's affidavit of defense raising questions of law.

The issue raised by defendant's pleading is: Whether the plaintiff, Mrs. Helen Middleton, is improperly joined as a party plaintiff in that she alleges facts in her statement of claim which convict her of contributory negligence as a matter of law?

The statement of claim alleges inter alia that the plaintiff, Helen Middleton, was driving an automobile in an easterly direction between Carlisle and Gettysburg, Pennsylvania, at or near Hunters Run; that the defendant was proceeding on the same highway in the same direction in front of Mrs. Middleton's automobile; that Mrs. Middleton proceeded to pass defendant's automobile on the left but without crossing the center line of the highway, there being sufficient space to the right of said center line for both automobiles; that.

when Mrs. Middleton had reached a point abreast of the defendant's automobile, the defendant suddenly and without warning swerved his automobile to the left for the evident purpose of turning into a small side road, thereby forcing Mrs. Middleton's automobile across to the left side of the road and off the paved highway into a fence; that, as a result of the accident, the passengers in the automobile driven by Mrs. Middleton were injured.

Damages are demanded by Mrs. Middleton as parents of two of the passengers, her son, George Middleton, a minor, and her daughter, Gloria Middleton, a minor, for loss of services and for medical and other expenses incurred. No damages are demanded by her on account of injuries which might have been suffered by her.

Defendant contends that, assuming the allegations of the statement of claim to be true, Mrs. Middleton was guilty of contributory negligence as a matter of law in attempting to pass defendant's automobile at an intersection in violation of the Pennsylvania Vehicle Code, section 1008, as amended, 75 P.S.Pa. § 543. The pertinent provision of the Code is as follows: "(c) The driver of a vehicle shall not overtake or pass any other vehicle, proceeding in the same direction, * * * at any intersection of highways, unless such intersection * * * is controlled by traffic signal, or unless permitted so to do by a * * * peace officer, except, on a highway having two (2) or more lanes for movement of traffic in one direction, the driver of a vehicle may overtake or pass another vehicle * * *."

In the case of Jinks v. Currie, 324 Pa. 532, 188 A. 356, it was held that violation of the above statute was negligence per se, and it is on that decision the defendant relies. However, from the pleading in this case violation of the statute cannot be found. The statute forbids passing at "any intersection of highways." The pleading does not state that the road into which defendant turned was a "highway". For all that appears it may have been a private road. Further, it is indicated in Jinks v. Currie, supra, that knowledge of the intersection is necessary to a finding of negligence, and no such knowledge is alleged here. Again, the statute does not forbid passing at intersections where there are two or more lanes for movement of traffic in one direction, and plaintiffs' pleading indicates that the road on which the parties were traveling did have two or more lanes. In my opinion, therefore, plaintiffs' pleading does not so clearly convict Mrs. Middleton of contributory negligence as to justify the entry of judgment against her. She is a proper party plaintiff in the action under the terms of the Pennsylvania Statute relating to joinder, 1937, P.L. 2072, 12 P.S.Pa. § 159.1 et seq., which governed proceedings in this court when the action was brought, and under Rule 20 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, which are now applicable.

Now, December 16, 1938, the questions of law raised by defendant's affidavit of defense, filed August 9, 1938, are decided in favor of the plaintiff, Mrs. Helen Middleton, and defendant is allowed ten (10) days within which to file an amended answer.