## Swallow v. Carreras, Admx.

*Joseph A. Allen*, for plaintiff.
*John J. McDevitt, Jr.*, for defendant.
*Joseph W. Henderson*, for additional defendant.

CRUMLISH, J., October 30, 1942.—

1. In the above-captioned action in trespass defendant has petitioned for the joinder of one Bell as an additional defendant. Bell was the driver of the automobile in which plaintiff was a passenger at the time it collided with one operated by defendant's decedent.

Plaintiff opposes the petition on the theory that the joinder would render Bell incompetent as a witness in her behalf.

2. The question here presented involves the relationship between the Scire Facias Act of April 10, 1929, P. L. 479, as amended, 12 PS §141, and Rule 2252 of the Pennsylvania Rules of Civil Procedure, and the application of the authorities interpreting the Scire Facias Act to the corresponding Rule of Civil Procedure.

3. In support of her position, plaintiff cites clause (e), section 5, of the Act of May 23, 1887, P. L. 158, 28 PS §322, which provides:

"(e) Nor, where any party to a thing or contract in action is dead, . . . and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record, who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased . . . be a competent witness to any matter occurring before the death of said party . . ."

Also Irwin v. Nolde et al., 164 Pa. 205 (1894), and Lockard v. Vare, 230 Pa. 591 (1911), which held that the Act of 1887, supra, makes no distinction between actions in tort and those arising from contract. Under these authorities, plaintiff says Bell, as an additional defendant, a party on the record, will be incompetent to testify as to the negligence of the defendant's decedent and that therefore the bringing of him on record will work an "unreasonable prejudice" against her. She says further that under the authority of Pa. R. C. P. 2252(e) this court should exercise its discretion and refuse the joinder.

4. The provisions of Pa. R. C. P. 2252 are substantially the same as the corresponding provisions in the amendment of June 22, 1931, P. L. 663, to the Act of April 10, 1929, supra, 12 PS §141, both of which are suspended by the Pennsylvania Rules of Civil Pro-

cedure (Rau v. Manko, 341 Pa. 17, 21 (1941)), with this difference: in the Scire Facias Act the right of joinder was absolute, while under Rule 2252 it is in the discretion of the court to grant the petition when "the court deems the joinder of the additional defendant will not unreasonably prejudice the additional defendant or any other party to the record": Rau v. Manko, supra, at page 26.

5. The identical problem here presented has not been passed upon in any reported case under Pa. R. C. P. 2252, but we do find that it arose under the Scire Facias Act of 1929, as amended by the Act of 1931, supra, in Niebauer v. Schultz, Admr., 114 Pa. Superior Ct. 538 (1934). In the Niebauer case, plaintiff was a passenger in an automobile driven by one Reamy which came into collision with the automobile driven by one Schultz. Schultz suffered injuries from which he subsequently died. Plaintiff brought an action in trespass against Schultz's administrator who, under the authority of the Scire Facias Act, brought Reamy upon the record as an additional defendant. The trial having resulted in a verdict for plaintiff against the defendant, and the exoneration of Reamy, the additional defendant, the defendant appealed, contending, inter alia, that "as Reamy was a defendant on the record, whose interest was adverse to the original defendant, he was not a competent witness against the original defendant" (the exact question here presented). The Superior Court, speaking through Keller, J., said (p. 541):

"We find no merit in the first contention. Before the Act of April 10, 1929, supra, Reamy would have been a competent witness in an action by the plaintiff against Schultz's administrator. Neither the Act of 1929 nor its amendment of June 22, 1931, supra, made any change in the plaintiff's rights to call Reamy as a witness in an action against Schultz's administrator, or as respects the competency of Reamy as a witness against the defendant in such action. *Reamy was*

*brought on the record as an additional defendant by the defendant in the action, not by the plaintiff.* The rights of the plaintiff in the claim against the original defendant were not affected by the scire facias bringing in Reamy as an additional defendant: Vinnacombe v. Phila. et al., 297 Pa. 564, 147 A. 826; First Nat. Bank v. Baird, 300 Pa. 92, 150 A. 165. The competency of the witnesses was not affected: McCaulif v. Griffith, 110 Pa. Superior Ct. 522, 528, 529, 168 A. 536. If it were otherwise all that any administrator defendant, in such an action, would have to do would be to bring on the record as additional defendants all persons who witnessed the accident and no one could then testify against him. As far as the action against Schultz's administrator was concerned it proceeded just as if Reamy were not a party; and as he was a competent witness before the scire facias bringing him into the case he remained such afterwards." (Italics supplied.)

6. Furthermore, the question which plaintiff here raised is one of competency of the witness and not one of procedural inconvenience. The comment in Goodrich - Amram, Procedural Rules Service, sec. 2252 (e) 1, is as follows:

"If the petition establishes a prima facie liability of the additional defendant, the court must then determine whether the joinder would unreasonably prejudice the proposed additional defendant or any of the then parties of record. When considering the sufficiency of the allegations of the petition, the court is deciding a question of law. When determining whether joinder will be prejudicial, the court is determining a question of procedural convenience."

See also Stokes et al. v. Giarraputo & Son (No. 1), 42 D. & C. 161, 163, 164 (1941). And in McCaulif et al. v. Griffith, 110 Pa. Superior Ct. 522, 529, the Superior Court, speaking through Stadtfeld, J., in dealing with the Scire Facias Act, said:

"The amendment of June 22, 1931, supra, gives the right, at the instance of defendant, to have joined, as additional defendants, persons whom he alleges are alone liable, or jointly or severally liable with him, for the cause of action declared on, and provides for the entry of judgments against such additional defendants. It, however, as indicated by its title was 'to regulate procedure' and not in any way to affect the competency of witnesses."

Likewise, the Rules of Civil Procedure are "to regulate procedure" and do not affect the competency of witnesses. Therefore, it is quite apparent that this is a matter which does not even call for the exercise of the court's discretion in "determining whether the joinder will be prejudicial", because when exercising that discretion "the court is determining a question of procedural convenience," and is not called upon to deal with the competency of a witness.

It appearing that the petition before us establishes a prima facie liability of the additional defendant, we, therefore, conclude that by joining William F. Bell as an additional defendant the multiplicity of suits will be avoided, and at the same time the joinder will not affect in any way the right of plaintiff to proceed in her action with whatever benefit she may derive from the testimony of the additional defendant, even as to those things which occurred prior to the death of defendant's decedent. In short, plaintiff's rights against the original defendant will be unaffected by the granting of the prayer of the defendant's petition before us.

Accordingly, we enter the following

*Order.*

And now, October 30, 1942, the petition of Carrie S. Carreras, administratrix of the Estate of Pedro J. Carreras, deceased, to join William F. Bell as an additional defendant in the above-entitled action is granted and William F. Bell is hereby joined as an additional defendant.