Wermeling, Appellant, *v.* Shattuck et al.

Argued September 26, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*John M. Wolford,* with him *Franklin B. Hosbach* and *Hosbach & Good,* for appellant.

*John G. Gent,* with him *John B. Brooks* and *Brooks, Curtze & Silin,* for appellees.

OPINION BY MR. JUSTICE JONES, November 13, 1950:

As a result of a collision between the plaintiff's sedan and a pickup truck owned by the defendant company and operated by defendant Shattuck on the company's business, the plaintiff brought this suit against the owner and driver of the truck, jointly, to recover damages for the personal injuries which he sustained in the accident. The jury returned a money verdict for the plaintiff. The defendants filed motions for a new trial and for judgment n.o.v. The court below, being of the opinion that the plaintiff was guilty of contributory negligence as a matter of law, entered judgment for the defendants n.o.v. from which the plaintiff has appealed. The court made no disposition, however, of the motion for a new trial.

Taking the evidence in the case and the reasonable inferences deducible therefrom in the light most favorable to the verdict, the following are the material facts attending the accident. The collision occurred about ten o'clock on a morning in May about six miles west of the City of Erie on U.S. Route 20 which is a two-lane main artery of vehicular travel, running generally east and west in the particular locality. The weather was clear and visibility good, but the black-top asphalt surface of Route 20 was wet from rain earlier that morning. At the place of the accident, which was in open country, Route 20 is intersected from the south by a dirt road known as McKee Road. The intersection is a T-intersection and not a crossing of Route 20. The dirt road is some twenty to twenty-five feet in width and consists of a "beaten track" whose boundaries are indistinguishable. On the one corner of the intersection there was a candy shop and on the other corner a "little grocery store". There was, at the time of the accident, a stop sign on McKee Road intended to control vehicles thereon approaching Route 20. There is no evidence, however, that that sign was at all visible

to travellers on Route 20. Nor is there any evidence that there was a sign on Route 20 warning motorists or others of the existence of the intersecting side road. The plaintiff testified that he had no knowledge of the presence of the intersecting side road. Both the plaintiff and the driver of the truck were operating their automobiles westwardly along Route 20 with the plaintiff's car to the rear of the truck but overtaking it. According to the plaintiff's testimony, he was travelling at a speed of from forty-four to forty-eight miles per hour and the defendant's truck at a speed of approximately twenty miles per hour. The plaintiff sounded his horn and pulled onto the left, or eastbound, lane of Route 20 preparatory to passing the truck. When the plaintiff was about a car length back of the truck, but already in a position to pass it, the defendant driver, without giving any warning signal, suddenly turned left toward the entrance to McKee Road. As the truck got part way across the eastbound lane of Route 20, the plaintiff's car collided with the left rear wheel and fender of the truck in a glancing manner. The truck was spun around counter-clockwise and ended up facing west along the south edge of Route 20 just west of McKee Road. The plaintiff's car struck, and shattered, a wooden utility pole; and then came to rest. The pole stood two to three feet south of the south line of Route 20 about twenty feet west of McKee Road and was distant from the point of collision twenty-five feet.

The learned court below concluded that the plaintiff was guilty of contributory negligence as a matter of law on the grounds that the physical evidences of the collision at the scene indicated that the plaintiff was travelling at an excessive rate of speed at the time of the collision and that he was also attempting to pass the defendant's truck at an intersection in violation

of Sec. 1008(c) of The Vehicle Code of 1929, as amended, 75 PS §543(c).

The violation of a mandatory provision of The Vehicle Code has been held to be negligence and, therefore, actionable without more if it happens to be the proximate cause of the injury in suit: see *Jinks v. Currie,* 324 Pa. 532, 537-538, 188 A. 356; *Landis v. Conestoga Transportation Company,* 349 Pa. 97, 100, 36 A. 2d 465; and *Fisher v. Hill,* 362 Pa. 286, 289, 66 A. 2d 275. But, whether such a violation in any given instance constitutes the want of care in the circumstances requisite to the imposition of civil liability therefor may depend upon attendant factors. Due care presupposes one's exercise of judgment which necessarily requires relevant knowledge. Thus, where a driver of a vehicle overtakes or passes another vehicle, travelling in the same direction, at a highway intersection, it is essential to his liability civilly for any resultant injury that he had knowledge, or reasonable cause to know, of the presence of the intersection in time to avoid violating the statute.

The appellee argues that *Jinks v. Currie,* supra, held otherwise. But, we do not so understand. In that case, Mr. Justice SCHAFFER, speaking for this court, expressly noted (p. 535) that "Mrs. Currie [the driver of the passing vehicle] *knew* about the intersecting road, having frequently passed it" (Emphasis supplied). Again at p. 536, it was pointed out that "So far as Mrs. Currie is concerned, she knew the intersecting road was there and when the truck pulled off to the side, it would have been prudent for her to have taken into account that it might be the intention of the driver to turn into the road and accordingly to have either stopped her car or slowed it down sufficiently to see just what the truck driver intended to do." It cannot reasonably be said, therefore, that *Jinks v. Currie* is authority for the proposition that knowledge, or reasonable cause to know, of

the presence of an intersecting highway is immaterial to one's civil liability for passing in such location another vehicle going in the same direction. In *Middleton v. Coxen*, 25 F. Supp. 632 (D.C.M.D. Pa.) where the District Court of the United States for the Middle District of Pennsylvania was under the duty of applying Pennsylvania law, the statement of claim, to which the defendant had raised a question of law, showed on its face that the plaintiff had attempted to pass at an intersection another car going in the same direction. Judge (now Chief Judge) WATSON there said that "it is indicated in Jinks v. Currie . . . that knowledge of the intersection is necessary to a finding of negligence . . ." and, thereupon, decided the question of law in the plaintiff's favor for the reason, inter alia, that "no such knowledge [i.e., of the intersection] is alleged here."

Of course, the term "knowledge" includes not only what a driver actually knows but what he has reasonable cause to know; and, he "must drive so that he sees street intersections or crossing places reasonably obvious": *Lowers v. Zuker*, 102 Pa. Superior Ct. 581, 585, 157 A. 339. But, all of that involves matters of fact which are for a jury to resolve. It would penalize a reasonably prudent driver of a motor vehicle unduly to mulct him in damages arbitrarily merely because he became involved in an accident while attempting to pass a car ahead of him, travelling in the same direction, when nearing an intersection that he had no reason to know in advance was there. In the instant case, the plaintiff denies having had any knowledge of the presence of the intersecting road and the defendant offered no proof to show that he had reasonable cause to know of it.

Although the court below changed its mind on the question now under consideration when it came to pass upon the defendant's motion for judgment n.o.v.,

the trial judge did properly instruct the jury in such regard. The defendant submitted the following point, inter alia, for charge,—"The plaintiff, Kenneth Wermeling, was contributorily negligent as a matter of law in passing or attempting to pass, the truck driven by the defendant, Arthur H. Shattuck, at the intersection of Route 20 and McKee Road." The trial judge affirmed that point, with a qualification, in the following language,—"That point is affirmed, if you find that the plaintiff knew, or should have known, that that was an intersection." There was, therefore, no trial error on that score.

Coming to what the court below referred to as "the undisputed testimony" which convinced it that the plaintiff was driving at the time of the accident "at such a terrific rate of speed" as to to be guilty of contributory negligence as a matter of law, we find that the court had in mind, and so accredited, oral testimony for the defendant merely because it happened not to have been contradicted. In so doing, the court obviously disregarded the rule applicable on a motion by a defendant for judgment n.o.v. that "we must accept as true all the facts and proper inferences of fact, wherever appearing in the record, if favorable to plaintiffs, and must reject all those favorable to defendant, if depending solely upon testimony": *Rossheim v. Bornot, Inc.*, 310 Pa. 154, 156, 165 A. 27. There was positive evidence in the case that the plaintiff was driving at a speed from forty-four to forty-eight miles per hour which was not an unlawful rate in the locality. But, the lower court reached its independent conclusion from the fact that a State policeman had testified that he measured the skid marks made by the plaintiff's car on the highway and found them to run continuously for one hundred and sixty-seven feet and from the further fact that the impact from the plaintiff's car had broken the wooden pole. "No fact

based on *oral* testimony in a trial ever possesses the character of legal incontrovertibility until it receives the imprimatur of a jury's acceptance": *Majewski v. Lempka,* 321 Pa. 369, 373, 183 A. 777. The court below not only ignored the fact that the highway was wet but incorrectly stated in the opinion that it was dry. Furthermore, there was no testimony as to the physical condition of the wooden pole prior to the accident; and, in any event, whatever inference might be deducible from the fact that the pole was broken by the plaintiff's car was for the jury to draw. Contrary to what the learned court below apparently thought, the evidence in the case was not such as to render applicable the incontrovertible physical facts rule. As was said in *MacDonald v. Pennsylvania Railroad Co.,* 348 Pa. 558, 564, 36 A. 2d 492,—"To lay down a rule that whenever a trial court is convinced that the proofs on either side of a civil action in which there are issues of fact triable by a jury are so conclusive that the court can declare as a matter of law that the verdict must be for the party offering such proofs, would be to introduce a radical innovation in trial procedure in this Commonwealth. The error of the court below was in taking upon itself the fact finding functions of the jury."

The judgment is reversed and the case remanded for disposition of the motion for new trial and action by the court below thereafter not inconsistent with this opinion.